Darryl Marcus Talley appeals from the circuit court's dismissal of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The petition challenged his January 5, 1999, conviction for robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975. As a habitual felony offender with four prior felony convictions, Talley was sentenced to life imprisonment without the possibility of parole. See § 13A-5-9, Ala. Code 1975. We affirmed his conviction on May 28, 1999, without an opinion (No. CR-98-0702) 768 So.2d 1029 (table), and issued a certificate of judgment on June 15, 1999. The Rule 32 petition was filed on June 16, 2000. On August 3, 2000, the trial court granted Talley's motion for an extension of time within which to file an amendment to his Rule 32, Ala.R.Crim.P., petition, giving him 30 days to file the amendment. On August 11, 2000, however, the trial judge purported to deny the petition, 22 days before the previously granted extension expired.
Talley argues that the trial court abused its discretion when it dismissed his Rule 32 petition for postconviction relief during the time the trial court had given him to amend his petition.
 "`[A]mendments should be freely allowed and . . . trial judges must be given discretion to allow or refuse amendments. . . . The trial judge should allow a proposed amendment if it is necessary *Page 1108 
for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.' Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979) (citations omitted). `The grant or denial of leave to amend is a matter within the sound discretion of the trial judge. . . .' Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App. 1977)."
Cochran v. State, 548 So.2d 1062, 1075 (Ala.Crim.App. 1989).
Although it appears from the record that the claims in Talley's original petition are either precluded, not sufficiently pleaded, or meritless, the trial judge should not have ruled on that petition before it considered Talley's amendment.
This cause is remanded with instructions that the trial court accept the amendment to Talley's Rule 32 petition and, if necessary, ask the State to respond to Talley's amended petition. Then, the trial court should, if necessary, conduct an evidentiary hearing on Talley's claims and make specific findings as to each allegation not precluded from its consideration by operation of a specified ground of preclusion of Rule 32.2. The trial court should also state any grounds of preclusion regarding Talley's claims.
 "In the event the trial judge has personal knowledge of the facts underlying any of the appellant's allegations, he may deny those claims in the petition without further proceedings, so long as he states the specific reasons for the denial in his written order."
Makres v. State, 739 So.2d 1141, 1142 (Ala.Crim.App. 1998) (citing Sheatsv. State, 556 So.2d 1094 (Ala.Crim.App. 1989)).
Accordingly, we remand this cause. The trial court shall see that the circuit clerk makes due return to this Court at the earliest possible time and within 63 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of those proceedings.
REMANDED WITH INSTRUCTIONS.*
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
* Note from the reporter of decisions: On April 20, 2001, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.