[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 445 
Walter Lee Rhone, Jr., appeals from the circuit court's denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. In 1999, Rhone was convicted of capital murder; he was sentenced to life imprisonment without the possibility of parole. On September 22, 2000, this Court affirmed Rhone's conviction on direct appeal, by unpublished memorandum. See Rhone v. State (No. CR-99-0011), 814 So.2d 1011
(Ala.Crim.App. 2000) (table). A certificate of judgment was issued on October 10, 2000.
On June 17, 2002, Rhone filed a Rule 32 petition, seeking relief from his 1999 conviction and sentence.[1] As grounds for relief, he alleged: (1) that he was denied effective assistance of counsel at trial and on appeal, based on counsel's failure to assert a claim that certain evidence admitted by the State during his trial was obtained as the result of an illegal arrest, and, therefore, should have been suppressed;[2] (2) that he was denied effective assistance of counsel at trial and on appeal based on counsel's failure to object to the prospective jurors' not being sworn before voir dire examination; and (3) that he was denied effective assistance of counsel at trial and on appeal based on counsel's failure to assert a claim that the trial court had abused its discretion by overruling an objection to the prosecutor's mention of statements made by Rhone to law-enforcement officials reflecting that he had other pending felony charges. On August 14, 2002, Rhone filed a motion to amend his petition; the amended petition presented additional grounds to support his ineffective-assistance-of-counsel claims, as well as several claims of error on the part of the trial court. Rhone's motion to amend offered no explanation as to why the court should grant his motion to amend the Rule 32 petition. The court entered no ruling on Rhone's motion to amend.
The State filed a response to Rhone's Rule 32 petition on September 30, 2002; the response addressed only the allegations in Rhone's original petition. On October 28, 2002, the circuit court issued a written order denying Rhone's petition. The circuit court's order addressed only those claims asserted in Rhone's original petition. The court's order made no mention of the claims contained in the proposed amendment to the petition. On November 18, 2002, Rhone filed a motion to alter, amend, or vacate the circuit court's order. Rhone's motion requested that the *Page 446 
court grant his previously filed motion to amend the Rule 32 petition and that the court address the claims raised in the amendment to the petition. The court denied Rhone's motion. On December 6, 2002, Rhone filed a notice of appeal.
On appeal, Rhone presents 15 issues for review. However, because several of the issues address closely related matters, the issues have been consolidated for purposes of appeal.
 I.
Rhone argues in parts II, III, and IV of his brief that the circuit court erred in rejecting his claims of ineffective assistance of trial and appellate counsel.
To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley,512 So.2d 1370, 1372 (Ala. 1987). "The performance component outlined inStrickland is an objective one: that is, whether counsel's assistance, judged under `prevailing professional norms,' was `reasonable considering all the circumstances.'" Daniels v.State, 650 So.2d 544, 552 (Ala.Crim.App. 1994) (quotingStrickland, 466 U.S. at 688, 104 S.Ct. 2052). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 104 S.Ct. 2052. In a Rule 32 proceeding, the petitioner has "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. SeeFortenberry v. State, 659 So.2d 194 (Ala.Crim.App. 1994);Elliott v. State, 601 So.2d 1118 (Ala.Crim.App. 1992).
When reviewing a claim of ineffective assistance of counsel, this Court indulges a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6
(Ala.Crim.App. 1992); Luke v. State, 484 So.2d 531
(Ala.Crim.App. 1985). Moreover, this Court avoids using "hindsight" to evaluate the performance of counsel. Instead, we consider the circumstances surrounding the case at the time of counsel's actions before determining whether the assistance counsel rendered was ineffective. Hallford, 629 So.2d at 9; see also, e.g., Cartwright v. State, 645 So.2d 326 (Ala.Crim.App. 1994).
A defendant is not entitled to an error-free trial, and the fact that trial counsel made a mistake is not sufficient to show that counsel's performance was ineffective. See Cosby v. State,627 So.2d 1059 (Ala.Crim.App. 1993). Moreover, the fact that trial counsel did not object at every possible instance does not mean that a defendant's counsel was incompetent. See O'Neil v.State, 605 So.2d 1247, 1250 (Ala.Crim.App. 1992). Finally, an attorney is not required to raise every conceivable claim available at trial or on appeal in order to render effective assistance. Thomas v. State, 766 So.2d 860 (Ala.Crim.App. 1998), aff'd, 766 So.2d 975 (Ala. 2000); Holladay v. State,629 So.2d 673 (Ala.Crim.App. 1992).
 A.
Rhone argues in part II of his brief that the evidence used at his trial should have been suppressed because, he says, it was obtained as the result of an illegal arrest, and that counsel's failure to raise this issue denied him effective assistance of trial and appellate counsel. *Page 447 
To the extent that Rhone contends that his counsel was ineffective for failing to raise this issue at trial, his claim is without merit. An examination of the record in Rhone's direct appeal[3] reveals that counsel did, in fact, file a motion to suppress the challenged evidence, and that motion was denied. Thus, the circuit court correctly denied Rhone's petition for relief on this ground. Moreover, the fact that counsel elected not to raise this issue on appeal does not signify that counsel's performance was unreasonable. We note that on direct appeal counsel briefed 16 substantive issues and this Court addressed those issues in its unpublished memorandum affirming Rhone's conviction. As this Court noted in Thomas v. State, supra, 766 So.2d at 876:
 "The United States Supreme Court has recognized that `[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.' Jones v. Barnes, 463 U.S. [745,] at 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 [(1983)]. Such a winnowing process `far from being evidence of incompetence, is the hallmark of effective advocacy.' Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Appellate counsel is presumed to exercise sound strategy in the selection of issues most likely to afford relief on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 510 U.S. 984, 114 S.Ct. 487, 126 L.Ed.2d 437 (1993). One claiming ineffective appellate counsel must show prejudice, i.e., the reasonable probability that, but for counsel's errors, the petitioner would have prevailed on appeal. Miller v. Keeney, 882 F.2d 1428, 1434 and n. 9 (9th Cir. 1989)."
Counsel's decision regarding which issues to raise on appeal was a strategic decision. "Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable." Ex parte Lawley, supra, 512 So.2d at 1372. The fact that Rhone disagreed with his counsel's decision on which issues to raise on appeal is insufficient to render counsel's performance ineffective. See Patrick v. State,680 So.2d 959, 962 (Ala.Crim.App. 1996). Based on our review of the record, we conclude that Rhone failed to establish that his counsel was ineffective for failing to raise this issue. Therefore, the circuit court correctly determined that Rhone was not entitled to relief on this claim.
 B.
Rhone argues in part III of his brief that he was denied effective assistance of trial and appellate counsel based on counsel's failure to object to the prospective jurors not being sworn prior to voir dire examination and failure to raise the issue on appeal. Our review of the record reveals that the State's response to Rhone's claim included an affidavit from the circuit clerk, indicating that the clerk had, in fact, administered the statutorily mandated oath to the prospective jurors before voir dire examination. (C. 314.) Thus, there was no basis for raising this claim either at trial or on appeal. Counsel is not ineffective for failing to raise an issue for which there is no legal basis. See Bedwell v. State,710 So.2d 493, 497 (Ala.Crim.App. 1997). Accordingly, the circuit court correctly denied relief as to this claim. *Page 448 
 C.
Rhone argues in part IV of his brief that the trial court abused its discretion by overruling his objection at trial to the prosecutor's mention of the statements made by him to law enforcement; those statements, Rhone maintains, reflected that he had prior pending felonies, and he contends that he was denied effective assistance of trial and appellate counsel based on counsel's failure to assert this claim at trial and to raise it on appeal.
Contrary to Rhone's claim, our review of the record of Rhone's direct appeal reveals that this claim was raised both at trial and on direct appeal. This Court determined that the claim did not warrant reversal. Thus, counsel was not ineffective for failing to raise this issue. Moreover, because we rejected the merits of the underlying substantive claim, Rhone has failed to establish either prong of the Strickland test.
 II.
Rhone argues in part V of his brief that the circuit court abused its discretion in failing to rule on his motion to amend the Rule 32 petition.
Rule 32.7(b), Ala.R.Crim.P., provides that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." Rule 32.7(d), Ala.R.Crim.P., goes on to state that "[l]eave to amend shall be freely granted." Addressing the propriety of amendments to Rule 32 petitions, this Court, in Miles v. State, 845 So.2d 830 (Ala.Crim.App. 2001), stated:
 "`[T]he circuit court is within its discretion in refusing to consider [a petitioner's] motion to amend his [Rule 32] petition so long as disallowance of the amendment is "based upon some valid ground, such as actual prejudice or undue delay," Cochran v. State, 548 So.2d 1062, 1075 (Ala.Cr.App.), cert. denied, 493 U.S. 900, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989). A court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown to the petitioner before filing his petition. Whitehead v. State, 593 So.2d 126 (Ala.Cr.App. 1991); Cochran.'"
845 So.2d at 832-33 (quoting Harper v. State, 676 So.2d 949,951 (Ala.Crim.App. 1995)). Accord Makres v. State,739 So.2d 1141, 1142 (Ala.Crim.App. 1998); Neelley v. State,642 So.2d 494, 497 (Ala.Crim.App. 1993).
It is unclear why the circuit court did not rule on Rhone's motion to amend his Rule 32 petition. However, given that Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition, it is unnecessary to reach the question whether the court's disallowance of the amendment was based upon valid grounds. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. Because Rhone failed to meet this burden, the circuit court did not abuse its discretion by not addressing the claims in the amendment to Rhone's petition.
The dissent seeks to remove from a petitioner this burden of pleading and proving entitlement to relief and, in doing so, would overrule more than a decade of well-established precedent, namely Cochran v. State, 548 So.2d 1062 (Ala.Crim.App. 1989), and its progeny. Moreover, the dissent overreaches when it seeks to overrule the holding in Cochran. Although the State concedes that the circuit court abused its discretion by not accepting the amendment — a position rejected by this *Page 449 
Court — its concession effectively abrogates the necessity to overrule this line of cases.
The dissent's position, if adopted, would expand the scope of Rule 32.7(b) beyond that contemplated by the Alabama Supreme Court when it adopted Rule 32, Ala.R.Crim.P. Rule 32.7(b) provides: "Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." (Emphasis supplied.) Thus, the plain language of Rule 32.7(b) creates no absolute right to amend a petition, only a conditional right, left to the sound discretion of the circuit court.
Here, it is readily apparent that all of the facts constituting the basis for the amendment were known before Rhone's original Rule 32 petition was filed. Moreover, Rhone's petition was filed more than a year after his conviction became final and a certificate of judgment was issued in his case — ample time in which to include all of the facts contained in the amendment. If this Court were to allow a petitioner the unfettered right to amend his Rule 32 petition — without first requiring any showing of diligence or a showing that the underlying facts were unknown to the petitioner before filing the petition — this Court would open a virtual Pandora's box. Such a decision would result in a flood of frivolous amendments to petitions, the consequence of which will be unnecessary delays in the resolution of meritorious claims, as well as the creation of yet more problems for an already overburdened and understaffed judicial system. There must be a point at which the claims presented to a court are sufficiently settled so as to allow a court to render a decision with some degree of finality.[4]
Because Rhone's motion to amend his Rule 32 petition failed to show that he acted with diligence in seeking to amend the petition or that the facts underlying the amendment were unknown to him at the time he filed the original petition, the circuit court did not abuse its discretion in not addressing the claims set out in Rhone's amendment to the Rule 32 petition.
 III.
Rhone argues in parts VI through XV of his brief the merits of each of the additional claims set out in his amended petition. Because these claims were not first addressed by the circuit court, none of the claims are properly before this Court for review. See Kaska v. State, 740 So.2d 475, 477 (Ala.Crim.App. 1998) (citing Cleveland v. State, 570 So.2d 855 (Ala.Crim.App. 1990)) ("an appellant cannot raise issues on appeal from the denial of a Rule 32 petition that were not raised in the original Rule 32 petition").
 IV.
Rhone argues that the circuit court abused its discretion when it summarily denied his petition without first conducting an evidentiary hearing.
Rhone's claim that he is entitled to an evidentiary hearing on his petition is without merit. Our review of the record reveals that the facts supporting the position of each party were fully set out in the record. See Humphrey v. State, 605 So.2d 848
(Ala.Crim.App. 1992). Moreover, we note that the judge who presided over Rhone's Rule 32 petitions is the same judge who presided over his trial proceedings. *Page 450 
Thus, the trial court's findings are supported by the record on appeal and the by court's personal knowledge of the proceedings. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App. 1989).
Rule 32.7(d), Ala.R.Crim.P., provides:
 "If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
Because Rhone's claims were without merit, the trial court did not err in denying the petition without conducting an evidentiary hearing. See Cogman v. State, 852 So.2d 191, 193 (Ala.Crim.App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App. 1992).
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.
[1] Although the record does not indicate that Rhone's petition was officially filed in the circuit court until July 29, 2002, as evidenced by the "date filed" stamp appearing on the petition (C. 1) and the case action summary (C. 374), Rhone indicated in his verified petition that he placed the petition in the United States mail on June 17, 2002.
[2] Rhone was represented by the same counsel at trial and on direct appeal.
[3] This Court may take judicial knowledge of its own records. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992).
[4] For this reason, Rule 32.7(b) should be amended to set out the circumstances under which a Rule 32 petition may be amended, as well as to establish a specific time period beyond which amendments to a Rule 32 petition will not be entertained. Such an amendment would clarify the Supreme Court's intent and be instructive to all parties involved.