Walter Lee Rhone, Jr., filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, which the trial court denied. The Court of Criminal Appeals affirmed the judgment of the trial court. Rhone v. State, 900 So.2d 443 (Ala.Crim.App. 2004). We reverse the judgment of the Court of Criminal Appeals in part and remand.
On July 29, 2002, Rhone, pro se, filed a Rule 32 petition in the trial court, seeking relief from his 1999 conviction and sentence.[1] As grounds for relief, Rhone alleged that he had been denied the effective assistance of counsel in several respects at trial and on appeal. On August 14, 2002, Rhone filed a motion to amend his petition. The amended petition presented 10 additional *Page 457 
grounds to support his ineffective-assistance-of-counsel claims. The trial court entered no ruling on Rhone's motion to amend.
On September 30, 2002, the State filed a response to Rhone's Rule 32 petition, addressing only the allegations in the original petition. On October 28, 2002, the trial court entered a written order denying the petition. That order made no mention of the claims contained in the proposed amendment. On November 18, 2002, Rhone filed a motion to alter, amend, or vacate the trial court's order denying his petition. That motion requested that the court grant his previously filed motion to amend his Rule 32 petition and that the court address the claims raised in the amended petition. The trial court denied Rhone's motion, and Rhone appealed.
In affirming the judgment of the trial court, the Court of Criminal Appeals rested its decision upon three principal holdings. First, it held that the trial court had not erred in rejecting the ineffective-assistance-of-counsel claims stated in Rhone's original Rule 32 petition. Next, the court held that the trial court had not exceeded its discretion in not addressing the claims set out in Rhone's proposed amendment to his Rule 32 petition.[2] Finally, the Court of Criminal Appeals held that the trial court had not erred in denying the petition without first conducting an evidentiary hearing. Judge Cobb and Judge Shaw dissented with regard to the second holding, because they "would . . . remand this case for the circuit court to accept Rhone's amendment to his Rule 32 petition and to rule on the claims in that amendment." 900 So.2d at 450 (Shaw, J., concurring in part and dissenting in part).
Rhone petitioned this Court for certiorari review of each of those three holdings in the opinion of the Court of Criminal Appeals. However, we granted certiorari review only with respect to the issue presented by the second holding, namely, whether the trial court exceeded its discretion in not addressing the claims set out in Rhone's proposed amendment to his Rule 32 petition. Specifically, we agreed to consider Rhone's contention that the Court of Criminal Appeals' decision conflicts with the well-established principle that although "[l]eave to amend a Rule 32 petition is within the discretion of the trial court, . . . it should be freely granted." Ex parte Allen, 825 So.2d 271, 273
(Ala. 2002) (emphasis added) (quoted with approval in Ex parteNesbitt, 850 So.2d 228, 232 (Ala. 2002)).
This Court's statements concerning the amendment of Rule 32 petitions are supported by the plain language of Rule 32.7, Ala. R.Crim. P. Subsection (b) of that rule unambiguously grants discretion to the trial court, providing that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." (Emphasis added.) Guiding the exercise of that discretion is the mandate of subsection (d) that "[l]eave to amend shall be freely granted." (Emphasis added.) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
In Ex parte Allen, this Court cited Talley v. State,802 So.2d 1106, 1107 (Ala.Crim.App. 2001), in support of our statement of the principles relevant to the amendment of Rule 32 petitions. In Talley, the Court of Criminal Appeals stated: *Page 458 
 "`"[A]mendments should be freely allowed and . . . trial judges must be given discretion to allow or refuse amendments. . . . The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial." Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979) (citations omitted). "The grant or denial of leave to amend is a matter within the sound discretion of the trial judge. . . ." Walker v. Traughber, 351 So.2d 917
(Ala.Civ.App. 1977).'
 "Cochran v. State, 548 So.2d 1062, 1075
(Ala.Crim.App. 1989)."
802 So.2d at 1107-08 (emphasis added). The statements in Talley
are consistent with this Court's prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition.
It is obvious that Rhone's petition was not unduly delayed by the filing of the motion to amend; indeed, the motion was filed only 16 days after the trial court received his original petition. Also, the absence of any prejudice to the State is apparent; the State did not respond to the original petition until 47 days after the motion to amend was filed, and the trial court did not deny the original petition until 75 days after the motion to amend was filed. Therefore, it is not surprising that, before the Court of Criminal Appeals, "the State concede[d] that the circuit court abused its discretion by not accepting the amendment." Rhone, 900 So.2d at 448. Consistently, the State takes the same position in its brief to this Court:
 "Rhone timely filed his August 14, 2002 amendment to his Rule 32 petition. His amendment was filed just [16] days after he filed his initial petition, before the State responded to the petition, and before [the trial court] ruled on the Rule 32 petition. . . . [T]he timely filed amendment was not delayed and did not prejudice the State. Under the facts of this case, the amendment should have been considered as required in Rule 32.7(b), [Ala. R.Crim. P.]. Therefore, this case should be remanded for the trial court to consider Rhone's August 14, 2002 amendment."
(Emphasis added.) We agree with the State.
In holding that the trial court had not exceeded its discretion in failing to address the claims in the amendment to Rhone's Rule 32 petition, the Court of Criminal Appeals stated:
 "It is unclear why the circuit court did not rule on Rhone's motion to amend his Rule 32 petition. However, given that Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition, it is unnecessary to reach the question whether the court's disallowance of the amendment was based upon valid grounds. `The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.3, Ala. R.Crim. P. Because Rhone failed to meet this burden, the circuit court did not abuse its discretion by not addressing the claims in the amendment to Rhone's petition."
900 So.2d at 448 (emphasis added). In imposing such an "initial burden" upon Rhone, the Court of Criminal Appeals erred. Such a burden is clearly inconsistent with the mandate of this Court, as expressed in both its decisions and in Rule 32, that leave to amend should be freely *Page 459 
granted. Also, the Court of Criminal Appeals' reliance upon Ala. R.Crim. P. 32.3 was misplaced. Rule 32.3 places upon the petitioner "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to [appropriate postconviction] relief."[3] That burden relates only to the merits of the petition and cannot reasonably be construed to impose any burden upon a petitioner who seeks to amend his petition.
The Court of Criminal Appeals cited no decision of this Court in support of its holding that the trial court did not exceed its discretion in refusing to allow Rhone to amend his Rule 32 petition. However, according to the Court of Criminal Appeals, "to remove from a petitioner this burden of pleading and proving entitlement to relief . . . would overrule more than a decade of well-established precedent, namely Cochran v. State,548 So.2d 1062 (Ala.Crim.App. 1989), and its progeny." Rhone v. State, 900 So.2d at 448. To the extent any prior decision of the Court of Criminal Appeals has placed upon a petitioner the erroneous "initial burden" this Court specifically rejects today, that decision is overruled.
Finally, the Court of Criminal Appeals indicated that the only alternative to its holding would be "to allow a petitioner theunfettered right to amend his Rule 32 petition." 900 So.2d at 449 (emphasis added). That statement, however, is not correct. The right to amend is limited by the trial court's discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party. That limitation is, in this Court's opinion, sufficient to protect the rights of the parties, while allowing the trial court sufficient control over the management of its docket.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed insofar as it affirmed the trial court's failure to address the claims set out in Rhone's amendment to his Rule 32 petition. The cause is remanded to the Court of Criminal Appeals for further proceedings consistent with this opinion.
REVERSED IN PART AND REMANDED.[4]
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] Rhone was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. The Court of Criminal Appeals affirmed his conviction on direct appeal in an unpublished memorandum. See Rhone v. State (No. CR-99-0011),814 So.2d 1011 (Ala.Crim.App. 2000) (table).
[2] Consequently, the Court of Criminal Appeals also held that the claims asserted in the amendment were not properly before that court for review.
[3] See also Ala. R.Crim. P. 32.1 ("any defendant who has beenconvicted of a criminal offense may institute a proceeding . . . to secure appropriate relief") (emphasis added).
[4] We have not reviewed that portion of the Court of Criminal Appeals' judgment affirming the trial court's judgment based on the two holdings not addressed in this opinion. Therefore, that portion of the affirmance is not affected by our order reversing in part.