[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 42 
Joseph Michael Wilson appeals from an order summarily dismissing the Rule 32, Ala. R.Crim. P., petition he filed seeking relief from his capital-murder conviction and death sentence. We reverse and remand for further proceedings.
Wilson was convicted of the capital offense of murder of two or more persons pursuant to one scheme or course of conduct, a violation of § 13A-5-40(a)(10), Ala. Code 1975, for his involvement in the deaths of Michael Beaudette, Johnny Couch, Brian Carter, and Lamar Hemphill. The trial court imposed a death sentence. He was also convicted of two counts of attempted murder, violations of §§ 13A-6-2 and 13A-4-2, Ala. Code 1975, for shooting Ashley Rutherford and Michelle Hayden. He was sentenced to 20 years in prison for each attempted-murder conviction. On appeal, this Court affirmed the capital-murder conviction and the death sentence. Wilson v. State, 777 So.2d 856 (Ala.Crim.App. 1999).[1] The Alabama Supreme Court affirmed the judgment of this Court. Ex parte Wilson, 777 So.2d 935 (Ala. 2000). This Court issued the certificate of judgment on September 20, 2000.
Wilson filed a Rule 32 petition on December 21, 2001. (C. 3-85.) On March 14, 2002, Wilson's attorney filed a motion seeking a status or scheduling conference and also seeking leave to amend the petition. In support of the request to amend the petition, the attorney alleged that he had been hired only a few days before the petition was filed; that, due to previous obligations, he had been unable to work on Wilson's case until the third week in January and that he had not met with Wilson until February 14, 2002. Counsel also alleged that several additional meritorious issues existed and needed to be raised in the petition and that the request to amend the petition was not made for purposes of delay. Also on March 14, 2002, Wilson filed an amendment to the Rule 32 petition. On March 18, 2002, the State, through the attorney general, filed the following documents: an answer to the original petition; the affidavit of Randall Gladden, the lead attorney who represented Wilson at trial; a motion for summary dismissal; and a proposed order dismissing the petition. (C. 124-78, Supp. II. C. 7-72.)[2]
On March 26, 2002, the Madison County District Attorney filed a response to the original petition. The prosecutor alleged in that response that the petition was due to be summarily dismissed.
Although the record does not contain an order setting a hearing on the State's motion for summary dismissal, it appears that a hearing was set for May 23, 2002, because on April 23, 2002, Wilson filed a motion seeking a continuance of a hearing *Page 43 
set for May 23, 2002. (C. 191.) The trial court granted the motion on April 24, 2002. (C. 191.) On May 6, 2002, the State filed a document opposing any further continuances and requesting that an evidentiary hearing be held on any motion to amend that Wilson might later file. (C. 193.)
On July 15, 2002, Wilson filed numerous documents. He filed a motion for leave to file a second amended petition and a memorandum of law in support of that motion; he also submitted an amended petition.[3] He filed a motion for discovery, seeking production of the file that the prosecutor had provided to trial counsel and seeking any other documents that should have been, but were not, provided to trial counsel. He filed a motion for an evidentiary hearing and an objection to the trial court's adopting verbatim any orders submitted by the State. He also filed a response to the State's answer and argued in that response that the claims raised in the petition were not procedurally barred and that he was entitled to a hearing. On July 19, 2002, the trial court held a hearing on the State's motion for summary dismissal. (Supp.I. R. 1-41.) At that hearing, the parties presented their arguments regarding whether the original petition was due to be dismissed or whether a hearing on the merits of the petition should be held. The trial court reserved its ruling on the motion. On August 9, 2002, Wilson filed a motion for leave to file a third amendment to his petition and he submitted an amended petition;[4] on August 21, 2002, Wilson filed a motion for leave to file a fourth amendment to the petition and he filed an amended petition; and on August 28, 2002, Wilson filed a motion for leave to file a fifth amendment to the petition and he filed an amended petition. In September 2002,[5] Wilson filed a supplemental brief in support of his request for an evidentiary hearing, and he citedEx parte MacEwan, 860 So.2d 896 (Ala. 2002), in support of his request for an evidentiary hearing.
On October 16, 2002, the circuit court issued an order summarily dismissing the Rule 32 petition. (C. 463-532.) The court determined that a majority of the claims asserted in the petition were procedurally barred and that the few ineffective-assistance-of-counsel claims that were not procedurally barred had no merit. The trial court also denied all of Wilson's motions to amend the Rule 32 petition. This appeal followed.
 I.
Wilson first argues that the trial court erred when it adopted the proposed order submitted by the State. The State contends that this Court has repeatedly held that verbatim adoption of a proposed order prepared by one of the parties is not improper. As a routine practice, the adoption of a proposed order submitted by one of the parties is subject to criticism. However, this Court has expressly held that the trial court's adoption of a proposed order prepared by one of the parties does not constitute error and that the findings of fact and conclusions of law in that proposed order, once adopted as the order of the court, are those of the trial court. See, e.g., Jenkins v. State, [Ms. CR-97-0864, *Page 44 
Feb. 27, 2004] ___ So.2d ___, ___ (Ala.Crim.App. 2004). The trial court's adoption of the proposed order does not, alone, constitute error, and Wilson is not entitled to relief on this ground.
 II.
Wilson argues that the trial court erred when it "ignored" his repeated requests to amend the Rule 32 petition. (Wilson's brief at p. 43.) He notes that Rule 32.7(b), Ala. R.Crim. P., provides that amendments to postconviction petitions are permitted before the entry of judgment, and that Rule 32.7(d), Ala. R.Crim. P., provides that "[l]eave to amend shall be freely granted." He contends that the trial court should have permitted him to amend his original petition. The State contends that the trial court did not abuse its discretion when it refused to allow Wilson to amend his petition because "Wilson has not shown that the proposed amendment[s were] `based on surprise, newly discovered evidence, or changed circumstances.'" (State's brief at p. 21.)
The Alabama Supreme Court recently discussed the legal principles governing the grant or denial of a petitioner's attempt to amend a Rule 32 petition. Ex parte Rhone,900 So.2d 455 (Ala. 2004). The Court stated:
 "This Court's statements concerning the amendment of Rule 32 petitions are supported by the plain language of Rule 32.7, Ala. R.Crim. P. Subsection (b) of that rule unambiguously grants discretion to the trial court, providing that `[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.' (Emphasis added.) Guiding the exercise of that discretion is the mandate of subsection (d) that `[l]eave to amend shall be freely granted.' (Emphasis added.) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
 "In Ex parte Allen, [825 So.2d 271 (Ala. 2002),] this Court cited Talley v. State, 802 So.2d 1106, 1107 (Ala.Crim.App. 2001), in support of our statement of the principles relevant to the amendment of Rule 32 petitions. In Talley, the Court of Criminal Appeals stated:
 "`"`[A]mendments should be freely allowed and . . . trial judges must be given discretion to allow or refuse amendments. . . . The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.' Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979) (citations omitted). `The grant or denial of leave to amend is a matter within the sound discretion of the trial judge. . . .' Walker v. Traughber, 351 So.2d 917
(Ala.Civ.App. 1977)."
 "`Cochran v. State, 548 So.2d 1062, 1075
(Ala.Crim.App. 1989).'
 "802 So.2d at 1107-08 (emphasis added). The statements in Talley are consistent with this Court's prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition."
900 So.2d at 457-58 (final emphasis added).
Wilson filed the petition on December 21, 2001. He filed motions to amend and he filed amendments to the petition from March 2002 through August 2002. The trial court summarily denied all of the motions to amend the petition in the same written order in which it denied relief on *Page 45 
the original Rule 32 petition. All of Wilson's proposed amendments were filed before the expiration of the limitations period of Rule 32.2(c), Ala. R.Crim. P. The State's arguments in support of the denial of the motions to amend — that Wilson did not establish that the amendments were based on surprise, newly discovered evidence, or changed circumstances, and that Wilson failed to establish that his attorney acted diligently in filing the amendments — fail to acknowledge the standard the Alabama Supreme Court has established for evaluating whether an amendment to a Rule 32 petition was properly denied. That standard, as expressed in Ex parte Rhone, supra, does not require Wilson to establish that the allegations in the proposed amendments were based on surprise, newly discovered evidence, or changed circumstances, nor did it require proof that counsel acted diligently. The Alabama Supreme Court in Ex parte Rhone
overruled Cochran v. State, 548 So.2d 1062 (Ala.Crim.App. 1989), and any other prior decisions that purported to place on the petitioner the burden of showing due diligence in filing the amendment or showing that the facts underlying the amendment were not known when the initial petition was filed. 900 So.2d at 458. The Court in Ex parte Rhone stated, "The right to amend is limited by the trial court's discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party." Id.
Wilson's first amended petition was filed on March 14, 2002, before the State filed its answer. Certainly there was no undue delay and no prejudice to the State with regard to this amendment. The trial court abused its discretion when it denied Wilson's motion to amend the petition to include more specific allegations of ineffective assistance of counsel.
It is important to note that, when the State filed its answer to Wilson's original petition, it also filed an affidavit from Wilson's lead trial attorney. In the affidavit the attorney offered his explanations for some of the decisions he made during the trial, such as his determination that a defense based on mercy was appropriate. In the July 15, 2002, second amended petition, Wilson stated, "For continuity reasons, Joseph Wilson is merging the allegations of his first amendment to his Rule 32 petition into his second amendment to his rule [sic] petition." (C. 220.) In the second amended petition, Wilson directly addressed the claims made by his lead trial attorney in the affidavit the State submitted with its answer and alleged that trial counsel did not conduct an investigation into possible mitigation evidence. Wilson alleged that trial counsel had known that he had ingested drugs and alcohol on the evening the crime was committed, but that they did not further investigate his addiction. Wilson further alleged that because trial counsel failed to conduct an investigation into mitigation evidence, they failed to discover numerous pieces of potential mitigation evidence, such as the facts that Wilson had physical problems at birth, and at the time of the crime was on medication that might have affected his behavior; that as a child his home life was "disturbed" and that his behavior at school indicated a possible learning disability; and that he had been abusing drugs and alcohol for years. Wilson also alleged that trial counsel failed to move for expert assistance from a mental health professional who could have investigated, developed, and presented the mitigation evidence, and that the failure to discover and present mitigation evidence prejudiced his case. Wilson's second amended petition contained additional responses to the trial attorney's *Page 46 
affidavit and further developed claims raised in the original petition.
The trial court erred when it denied Wilson's motion to file the second amended petition. The second amended petition was filed seven months after the original petition was filed; it specifically responded to allegations in the State's answer to the petition and to claims trial counsel made in the affidavit accompanying the answer. The trial court relied on trial counsel's affidavit when it denied Wilson's ineffective-assistance claims, yet by refusing to hold an evidentiary hearing and by denying Wilson's motion to amend, it also unilaterally denied Wilson his right to counter the evidence presented by the State. Under the principles clearly expressed by the Alabama Supreme Court in Ex parte Rhone, we are compelled to hold that the trial court erred to reversal when it denied Wilson's second motion to amend the petition.
Wilson's revised third amended petition, filed on August 19, 2002, contains several claims related to Ring v. Arizona,536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which was released after the original petition was filed. The trial court abused its discretion when it denied Wilson's motion to file the third amended petition. There was no undue delay in the filing and there would have been no undue prejudice to the State if the trial court had granted the motion to amend. Although the trial court erred when it denied the motion to file the third amended petition, that error was harmless. In Schriro v. Summerlin,542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the United States Supreme Court held that the rule announced in Ring does not apply retroactively to postconviction cases. Wilson had filed his postconviction petition before Ring was decided. Therefore, even if the trial court had granted the motion to amend, Wilson would not have been entitled to any relief.
The trial court erred when it denied Wilson's August 21, 2002, motion to file a fourth amended petition, and Wilson's August 28, 2002, motion to file a fifth amended petition. In the fourth amendment, Wilson further responded to the affidavit of trial counsel that had been submitted with the State's answer. In that amendment Wilson made additional allegations of ineffective assistance of counsel. In the fifth amendment, Wilson responded to trial counsel's allegations regarding the mitigation case he presented at trial and quoted from an article regarding investigation in capital cases. Because the trial court failed to hold an evidentiary hearing, Wilson was able to respond to the assertions in his lead trial counsel's affidavit only by filing amendments to the original petition. Concerns of undue delay and undue prejudice to the State were not implicated as a result of these amendments; concerns of fairness and due process were implicated. Therefore, the trial court should have granted Wilson's motion to file the fourth and fifth amended petitions.
The principles set forth in Ex parte Rhone, supra, require that we reverse the trial court's summary dismissal and that we reverse its denial of some of Wilson's motions to amend the petition. We remand the cause for the trial court to address the allegations contained in the second, fourth, and fifth amended petitions. The court need not specifically address the first amended petition because those allegations are contained in the second amended petition. The court need not consider the third amended petition because we have determined from the pleading that Wilson is not entitled to any relief on the claims raised in that amended petition. *Page 47 
On remand, the trial court is to conduct whatever proceedings are necessary to fully address the properly pleaded allegations in the petition, as amended. The State must be afforded the opportunity to answer the allegations in the petition, as amended. Because the State has put forth evidence in the form of trial counsel's affidavit, and because the trial court indicated in its order that it had relied on the State's answer when it summarily dismissed the petition, we urge the trial court to give careful consideration to holding an evidentiary hearing on the claims presenting factual disputes so that both parties are afforded the right to present evidence and to cross-examine any witnesses. See Ex parte MacEwan, 860 So.2d 896, 897 (Ala. 2002) ("The summary dismissal of MacEwan's petition deprived her of an opportunity to cross-examine her trial counsel regarding the assertions he makes in the affidavit, the substance of which may have prompted the trial judge to dismiss the petition.").
Of particular concern to this Court is Wilson's allegation that trial counsel failed to conduct any investigation into potential mitigation evidence and that his decisions regarding trial strategy in both the guilt and penalty phases were based on his inadequate investigation. If Wilson's allegations are true, Wilson might be entitled to relief on this claim. E.g., Wigginsv. Smith, 539 U.S. 510, 533, 123 S.Ct. 2527, 156 L.Ed.2d 471
(2003) ("`strategic choices made after less than complete investigation are reasonable' only to the extent that `reasonable professional judgments support the limitations on investigation.' [Strickland v. Washington, 466 U.S. 668,] 690-91,104 S.Ct. 2052, 80 L.Ed.2d 674. A decision not to investigate thus `must be directly assessed for reasonableness in all the circumstances.'Id., at 691[, 104 S.Ct. 2052]."). See, also, Williams v.Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (defense counsel rendered deficient performance and Williams was prejudiced when counsel failed to investigate and to present substantial mitigating evidence to the sentencing jury);Brownlee v. Haley, 306 F.3d 1043, 1074 (11th Cir. 2002) ("In this case, counsel's absolute failure to investigate, obtain, or present any evidence, let alone the powerful, concrete, and specific mitigating evidence that was available, prevented the jurors from hearing anything at all about the defendant before them. An individualized sentence, as required by the law, was therefore impossible."). This Court recognizes, as it did in its opinion on direct appeal, that the evidence of Wilson's guilt was overwhelming. Wilson v. State, 777 So.2d 856, 933
(Ala.Crim.App. 1999). That finding, however, does not preclude Wilson from presenting and receiving review of his postconviction claims in accordance with the mandates of Rule 32. At a minimum, Wilson is entitled to a thorough review of all of his properly pleaded claims, and he is entitled to an opportunity to prove the allegations of those claims that are not due to be summarily dismissed.
For the foregoing reasons, we reverse the trial court's order of dismissal, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW, J., concur. BASCHAB and WISE, JJ., concur in the result.
[1] Wilson did not appeal the convictions for attempted murder.
[2] Citations to the supplemental record filed on August 29, 2003, are designated Supp. I. Citations to the supplemental record filed on September 25, 2003, are designated Supp. II.
[3] Wilson also requested the court to grant him 90 additional days to complete his investigation and to file a final amended petition. (C. 209.)
[4] On August 19, 2002, Wilson filed a revised copy of the third amended petition; the revised copy corrected a textual error.
[5] The date on the file stamp is illegible; Wilson's attorney signed the document on September 3, 2002. *Page 48