After Remand by the Alabama Supreme Court

McMILLAN, Judge.
The opinion issued on September 26, 2008, is withdrawn, and the following opinion is substituted therefor.
*948 In Ex parte Borden, 60 So.3d 940 (Ala.2007), the Alabama Supreme Court reversed the judgment of this court and remanded the case for further proceedings. The Supreme Court held that Borden’s ineffective-assistanee-of-eounsel claims were not waived for failure to comply with Rule 28(a)(1), Ala. R.App. P., and that his juror-misconduct claims were preserved for appellate review. The Supreme Court stated that this court’s judgment with regard to the juror-misconduct claims appeared to conflict with Ex parte Rhone, 900 So.2d 455 (Ala.2004), and “place[d] a burden on Borden to secure a ruling on his proposed amendment to his Rule 32 petition when the amendment should be freely allowed if it is necessary for a full determination on the merits and if the amendment does not unduly prejudice the opposing party or unduly delay the hearing.”
Because the trial court dismissed Borden’s petition without considering the additional facts set out in his amendment, we reverse the trial court’s judgment and remand this case for proceedings consistent with the Supreme Court’s opinion. See Ex parte Rhone, 900 So.2d at 458 (stating that “only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition”).
On remand, the trial court should allow the State the opportunity to answer the juror-misconduct allegations in the amendment and should conduct any proceedings necessary to address these claims. In light of our disposition of this case, we pretermit consideration of Borden’s ineffective-assistance-of-counsel claims. A return should be filed with this court within 35 days from the date of this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS. 
BASCHAB, P.J., and WISE and WELCH, JJ., concur. SHAW, J., concurs in the result.