WELCH, Judge.
Michael Dewayne Anderson appeals the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his 1997 conviction for intentional murder and his resulting sentence as a habitual felony offender to life imprisonment. This Court affirmed Anderson’s conviction and sentence on appeal in an unpublished memorandum issued on October 31, 1997. Anderson v. State, (No. CR-96-1106) 727 So.2d 179 (Ala.Crim.App.1997) (table). This Court issued a certificate of judgment on November 18,1997.
Anderson filed this, his 12th, Rule 32 petition on August 15, 2012.[1] In his petition, Anderson made the following allegations: 1) that the trial court lacked jurisdiction to render a judgment or to impose sentence because, he says, the State did not follow § 15-8-25, Ala.Code 1975, in that the indictment did not state the facts against him or identify him by his date of birth or Social Security number; 2) that the trial court lacked jurisdiction to appoint counsel for him without his consent; and 3) that he was denied his constitutional right to testify because his statement made during police interrogation should have been submitted to the court as testimony.
On August 20, 2012, the circuit court ordered that the State’s reply to Anderson’s petition was due on October 11, 2012. On September 7, 2012, Anderson filed a motion requesting leave of court to file an amendment to his petition. In that motion, Anderson argued as amended grounds that he is innocent, that he was denied the right to confront his accuser at the preliminary hearing, that he was not provided a record of the preliminary hearing, that the complaint and affidavit used to obtain the warrant against him were illegal, and that the evidence relied upon to arrest him was illegally obtained. On that same day, the circuit court denied Anderson’s motion for leave to file an amended petition.
On October 11, 2012, the State filed a motion to dismiss the petition, arguing *996 that the petition was time-barred by Rule 32.2(c) and that it was successive under Rule 32.2(b). The State also argued that the claims in the petition were precluded because these claims could have been, but were not, raised at trial or on appeal. See Rules 32.2(a)(3) and (a)(5). On October 25, 2012, Anderson filed an objection to the State’s response. On February 19, 2013, Anderson filed another motion to amend, and the circuit court denied that motion on February 20, 2013. On that same day, the circuit court issued an order summarily dismissing Anderson’s petition, finding the claims precluded as successive under Rule 32.2(b), time-barred by Rule 32.2(c), and precluded under Rules 32.2(a)(3) and (a)(5), because they were claims that could have been, but were not, raised at trial or on appeal. This appeal follows.
On appeal, Anderson appears to reassert the claims raised in his petition. Anderson also argues the claims he attempted to raise in his request to amend his petition. Anderson further argues that the circuit court erred in denying his motion for leave to amend his petition. We agree. Because of our disposition of this case, we need address only this issue.
In Broadnax v. State, 987 So.2d 631 (Ala.Crim.App.2007), this Court stated:
“In Ex parte Rhone, 900 So.2d 455 (Ala.2004), the Alabama Supreme Court set forth the principles governing amendments to Rule 32 petitions:
“‘This Court’s statements concerning the amendment of Rule 32 petitions are supported by the plain language of Rule 32.7, Ala.R.Crim.P. Subsection (b) of that rule unambiguously grants discretion to the trial court, providing that “[ajmendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” (Emphasis added [in Ex parte Rhone ].) Guiding the exercise of that discretion is the mandate of subsection (d) that “[ljeave to amend shall be freely granted.” (Emphasis added [in Ex parte Rhone].) However, because the trial court has discretion to refuse an amendment to a Rule 32 petition, we must consider the nature of the factors that would provide a proper basis for such a refusal.
“ ‘In Ex parte Allen, [825 So.2d 271 (Ala.2002),] this Court cited Talley v. State, 802 So.2d 1106, 1107 (Ala.Crim. App.2001), in support of our statement of the principles relevant to the amendment of Rule 32 petitions. In Talley, the Court of Criminal Appeals stated:
“ ““ “[Ajmendments should be freely allowed and ... trial judges must be given discretion to allow or refuse amendments.... The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.” Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala.1979) (citations omitted). “The grant or denial of leave to amend is a matter within the sound discretion of the trial judge....” Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App.1977).’
“ ‘ “Cochran v. State, 548 So.2d 1062, 1075 (Ala.Crim.App.1989).”
“ ‘802 So.2d at 1107-08 (emphasis added [in Ex parte Rhone ]). The statements in Talley are consistent with this Court’s prior decisions, as well as with Rule 32.7. Thus, it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.’ *997 “900 So.2d at 457-58. The Court then concluded that ‘[t]he right to amend is limited by the trial court’s discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party. That limitation is ... sufficient to protect the rights of the parties, while allowing the trial court sufficient control over the management of its docket.’ 900 So.2d at 459.
“In Ex parte Jenkins, 972 So.2d 159 (Ala.2005), the Alabama Supreme Court further explained its holding in Ex parte Rhone:
“ ‘This Court recently examined the principles applicable to the amendment of Rule 32 petitions in Ex parte Rhone, 900 So.2d 455 (Ala.2004). In Rhone, the petitioner moved to amend his Rule 82 petition 16 days after the trial court had received the original petition. In denying the petition, the trial court addressed only the claims in the original petition. The Court of Criminal Appeals affirmed the denial, holding that the trial court had not exceeded its discretion in failing to address the claims in the amendment to Rhone’s petition because “Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition.” Rhone v. State, 900 So.2d 443, 448 (Ala.Crim.App.2004). This Court granted certiorari review to consider Rhone’s contention that the Court of Criminal Appeals’ decision conflicted with the well-established principle stated by this Court in Ex parte Allen, 825 So.2d 271, 273 (Ala.2002), that although “[ljeave to amend a Rule 32 petition is within the discretion of the trial court, ... it should be freely granted.”
“ ‘In considering the nature of the factors that would provide a proper basis upon which a trial court could exercise the discretion to disallow an amendment to a Rule 32 petition, this Court stated in Ex parte Rhone that “it is clear that only grounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.” 900 So.2d at 458. We concluded in Rhone that the Court of Criminal Appeals erred in imposing upon a Rule 32 petitioner an “initial burden” to show diligence in filing the amendment or that the facts underlying that amendment were unknown when the original petition was filed. We stated: “Such a burden is clearly inconsistent with the mandate of this Court, as expressed in both its decisions and in Rule 32, that leave to amend should be freely granted.” 900 So.2d at 458-59.
“ ‘This Court also responded in Ex parte Rhone to the Court of Criminal Appeals’ statement that the only alternative to its holding in Rhone v. State would be “ ‘to allow a petitioner the unfettered right to amend his Rule 32 petition.’ ” 900 So.2d at 459. We responded:
“ ‘ “That statement, however, is not correct. The right to amend is limited by the trial court’s discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party. That limitation is, in this Court’s opinion, sufficient to protect the rights of the parties, while allowing the trial court sufficient control over the management of its docket.”
“ ‘900 So.2d at 459.
[[Image here]]
*998 “‘As we held in Ex parte Rhone, however, a petitioner does not have the unfettered right to file endless amendments to a Rule 32 petition. The right to amend is limited by the trial court’s discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State. Such an exercise of the trial court’s discretion would certainly be appropriate, for example, if, on the eve of an evidentiary hearing, a Rule 32 petitioner filed an amendment that included new claims of which the State had no prior notice and as to which it was not prepared to defend.
“‘We emphasize that the concepts of “undue delay” and “undue prejudice” as discussed in this opinion and in Ex parte Rhone apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case. Those concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.’
“972 So.2d at 163-164.
“Subsequently, in Ex parte Woods, 957 So.2d 533 (Ala.2006), the Supreme Court applied its holding in Ex parte Rhone. In Ex parte Woods, the petitioner filed a Rule 32 petition in July 2002, and an amendment to the petition in November 2002. After a status conference in December 2002, the circuit court ordered both parties to submit proposed orders by the end of January 2003. However, instead of following the circuit court’s request and submitting a proposed order, the petitioner submitted a second amended petition. The State objected, and the circuit court struck the second amended petition. Six months later, in July 2003, the circuit court summarily dismissed Woods’s petition. This Court held that the circuit court had not erred in striking the second amended petition, Woods v. State, 957 So.2d 492 (Ala.Crim.App.2004), but the Alabama Supreme Court reversed our judgment, holding that ‘[t]he facts of this case do not establish that the circuit court’s consideration of Woods’s second amended petition would give rise to actual prejudice or cause undue delay.’ Ex parte Woods, 957 So.2d at 536-37.
“This Court has also addressed and applied the Supreme Court’s holding in Ex parte Rhone in Wilson v. State, 911 So.2d 40 (Ala.Crim.App.2005), and in Smith v. State, 961 So.2d 916 (Ala.Crim.App.2006). In Wilson, the petitioner filed his Rule 32 petition in December 2001, and an amendment in March 2002. Four days after the amendment was filed, the State filed a motion to dismiss the petition, attaching an affidavit from trial counsel. In July 2002, the petitioner filed a second amendment, responding to the State’s motion to dismiss and trial counsel’s affidavit. Four days later, the circuit court held a hearing on the State’s motion to dismiss and took the issue under advisement. In August 2002, the petitioner filed three more amendments; the fourth and fifth amendments included further responses to trial counsel’s affidavit. In October 2002, the circuit court issued an order summarily denying the petition without an evidentiary hearing and refusing to accept any of the petitioner’s amendments. This Court held that the circuit court erred in refusing to accept the first, second, fourth, and fifth amendments. With respect to the first amendment, this Court noted that it had been filed before the State had even responded, as had been the case in Ex parte Rhone, and, thus, accepting the amendment would have caused no undue delay *999 or undue prejudice. With respect to the remaining amendments, this Court held that the amendments were the only avenue for the petitioner to respond to trial counsel’s affidavit, given that the circuit court had not held an evidentiary hearing, and that acceptance of the amendments, all filed within eight months of the original petition and two months before the circuit court’s summary denial of the petition, would not have unduly delayed the proceedings.
“In Smith, the petitioner filed his Rule 32 petition in June 2002, and the State responded. In September 2002, the petitioner filed his first amended petition, and attached an affidavit from Dr. Michael S. Maher in support of his allegation that his trial counsel were ineffective for not presenting evidence of his mental-health problems. The State again responded. The circuit court then set December 31, 2002, as the deadline for filing amendments. Over the next three years, the evidentiary hearing on the petition was continued several times, at both the State’s and the petitioner’s requests, and discovery was exchanged between the parties. On July 12, 2005, 13 days before the evidentiary hearing was scheduled to take place on July 25, 2005, the State filed an objection to some of the petitioner’s witnesses, arguing that only one expert witness had been identified in the petition, Dr. Maher, and that during Dr. Maher’s deposition, Dr. Maher had stated that the petitioner suffered from additional mental-health problems that Dr. Maher had not previously identified in his affidavit, which had been attached to the first amended petition. The State moved that no expert not specifically listed in the petition be allowed to testify at the evidentiary hearing and that Dr. Maher be allowed to testify only to that diagnosis that had been referred to in the affidavit. On July 18, 2005, only seven days before the evidentiary hearing, the petitioner filed a response to the State’s objection, as well as a motion to amend his petition, and a second amended petition setting forth additional factual allegations to support his claim that his trial counsel were ineffective for not presenting evidence of his mental-health problems and naming the additional expert witnesses who had been disclosed during the discovery process. The circuit court granted the State’s motion to limit Dr. Maher’s testimony to that information contained in his affidavit and to preclude the additional expert witnesses from testifying and denied the motion to amend.
“On appeal, this Court held that the circuit court erred in denying the petitioner’s motion to amend:
“ ‘Based on the Alabama Rules of Criminal Procedure and the Alabama Supreme Court caselaw quoted above, the circuit court erred when it set a deadline for amendments and stated that it would allow further amendments “only upon showing of good cause with evidentiary basis.” Instead, the circuit court could have properly denied an amendment only upon a finding of undue delay or undue prejudice. When it struck the Second Amended Petition, the circuit court did not cite either of these reasons.
“ ‘In his Second Amended Petition, the appellant did not raise new claims of which the State did not have prior notice and as to which it was not or could not have been prepared to defend. In fact, he amended only one paragraph — paragraph 105 — in his Second Amended Petition. In that paragraph, he fleshed out with more specificity his previous claim regarding his alleged mental health problems and the experts who would testify about such problems. The State *1000 argues that it did not have the specific information about which the experts intended to testify until shortly before the evidentiary hearing. However, the record shows that the State knew about the appellant’s experts and their conclusions almost one year before the appellant filed his Second Amended Petition. Also, it had the opportunity to depose the experts and learn more specific information about their opinions almost one year before the appellant filed his Second Amended Petition, and it specifically chose not to do so. In fact, the State waited until July 8, 2005, and then deposed only Maher. Further, even before the appellant attempted to file a Second Amended Petition, as evidenced by its “Memorandum Brief Concerning Issues to Be Considered by the Court at the Rule 32 Evidentiary Hearing,” the State was fully aware of his claims regarding his mental health condition. ...
[[Image here]]
“ ‘... Finally, the State retained its own mental health expert to evaluate the appellant and to rebut the appellant’s evidence regarding his mental health. Therefore, consideration of the Second Amended Petition, which simply expanded on a claim that had been included in both the original petition and the First Amended Petition, would not have caused undue prejudice to the State.
“ ‘Also, consideration of the Second Amended Petition would not have adversely affected the circuit court’s control over the management of its docket. The record does not indicate that the appellant neglected his case. Rather, it establishes that, despite several continuances, the parties continued to conduct and exchange discovery. The State argues that it would not have had time to respond to the Second Amended Petition before the evidentiary hearing and that another continuance might have been required. However, the only substantive changes were in paragraph 105 of his Second Amended Petition. As is set forth above, the State was already aware of the additional information that was included in the Second Amended Petition. Therefore, it could have easily filed a response to the Second Amended Petition, and there would not have been any reason for any further delay of the evidentia-ry hearing. Accordingly, consideration of the Second Amended Petition would not have caused undue delay.
“Smith, 961 So.2d at 927-28.”
987 So.2d at 634-639 (internal footnotes omitted).
Based on the cases cited herein and the particular circumstances of this case, we conclude that the circuit court erred in denying Anderson’s first motion for leave to amend his petition. In denying the motion, the circuit court did not cite undue prejudice or undue delay as reasons for denying Anderson’s motion for leave to amend. In fact, the record in this case does not indicate that the granting of the motion to amend would have caused undue delay or undue prejudice. Here, the motion for leave to amend was filed less than a month after the petitioner filed his petition and before the State had responded to the petition. Thus, we cannot say that allowing Anderson to amend his petition would have unduly delayed the proceedings.
Based on the foregoing, we must reverse the circuit court’s judgment and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*1001 WINDOM, P.J., and BURKE, J., concur.
JOINER, J., concurs in the result, with opinion, which KELLUM, J., joins.

. Anderson filed his first Rule 32 petition in 1998. After an evidentiary hearing, the circuit court denied the petition, and this Court affirmed that denial on appeal, without an opinion. Anderson v. State, (No. CR-98-1136) 778 So.2d 876 (Ala.Crim.App.1999) (table). Anderson filed his second petition in 1999, his third petition in 2000, and his fourth petition in 2001. The circuit court summarily dismissed all of those petitions, and this Court affirmed those dismissals on appeal, without an opinion. Anderson v. State, (No. CR-99-0910) 810 So.2d 815 (Ala.Crim.App.2000); (No. CR-00-0664) 836 So.2d 1006 (Ala.Crim.App.2001); and (No. CR-01-0666) 854 So.2d 1228 (Ala.Crim.App.2002) (tables). Anderson filed his fifth petition in 2001. The circuit court again summarily dismissed the petition, but Anderson did not appeal that dismissal. Anderson filed his sixth and seventh petitions in 2002. The circuit court summarily dismissed both of those petitions, and this Court affirmed both dismissals on appeal, without opinion. Anderson v. State, (No. CR-02-0001) 876 So.2d 1196 (Ala.Crim.App.2003), and (No. CR-03-0013) 910 So.2d 836 (Ala.Crim.App.2004) (tables). Anderson filed his eighth petition in 2004. The circuit court summarily dismissed the petition, and this Court dismissed the appeal without opinion as untimely filed. Anderson v. State, (No. CR-04-0594) 925 So.2d 1022 (Ala.Crim.App.2005) (table). Anderson filed his ninth petition in 2005. The circuit court summarily dismissed that petition, but Anderson did not appeal the dismissal. Anderson filed his 10th petition in 2007. The circuit court summarily dismissed that petition, and this Court dismissed Anderson's appeal for failure to file a brief. Anderson v. State, (No. CR-07-0459) 21 So.3d 806 (Ala.Crim.App.2008) (table). Anderson filed his 11th petition in 2010. The circuit court denied the petition, and, after remand, this Court affirmed the denial on appeal, without an opinion. Anderson v. State, (No. CR-11-0072, May 11, 2012) - So.3d - (Ala.Crim.App.2012) (table).