JOINER, Judge,
concurring in the result.
I concur in the result. As the main opinion holds, because “the circuit court did not cite undue prejudice or undue delay as reasons for denying [Michael Dewayne] Anderson’s motion for leave to amend,” the judgment of the circuit court is due to be reversed under Ex “parte Rhone, 900 So.2d 455 (Ala.2004), and its progeny. Although I agree that the rule from those cases requires reversal here, I believe that an exception is warranted for cases such as Anderson’s. Anderson has had 12 opportunities to present claims for postconviction relief, and his proposed amendments involve claims that appear to be without merit or insufficiently pleaded. I question the practicality and efficiency of a rule that requires reversal under these circumstances simply because the circuit court did not recite thaumaturgic words in denying Anderson’s motion for leave to amend.
KELLUM, J., concurs.