SHAW, Judge.
Christopher Timothy Wilson appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his February 9, 2004, convictions for three counts of unlawful distribution of a controlled substance and one count of trafficking in cocaine, entered pursuant to guilty pleas, and his resulting sentences of 20 years’ imprisonment for each of the distribution convictions and 25 years’ imprisonment for the trafficking conviction, the sentences to run concurrently. These sentences included five-year enhancements under both §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. Wilson indicated in his Rule 32 petition that he did not appeal his convictions or his sentences.
Wilson filed his Rule 32 petition on August 16, 2004. As best we can discern, Wilson alleged in his petition that he was not made aware that his sentences would be enhanced by the application of §§ 13A-12-250 and 13A-12-270 because, he said, neither his trial counsel nor the trial court advised him that these enhancements would apply to his sentences and, therefore, he argues, his pleas were involuntary. The State filed a response, in which it maintained that Wilson was not entitled to any relief on his claims because, it said, he had executed “Court’s Exhibit A” and “Court’s Exhibit B” when he entered his guilty pleas and these documents demonstrate that Wilson had entered his guilty *496 pleas with a full understanding of the nature of the charges and the consequences of the pleas, that he was aware of the terms of his plea agreement when he entered his guilty pleas, and that he was satisfied with his trial counsel’s representation at the time he entered his guilty pleas.
On September 21, 2004, Wilson moved to amend his Rule 32 petition and he requested that the circuit court allow him 30 days to amend the petition to include a jurisdictional claim. On October 14, 2004, Wilson filed an amended petition alleging three grounds in support of his jurisdictional claim. On March 29, 2005, the circuit court summarily denied Wilson’s Rule 32 petition, and on that same date the circuit court denied his motion to amend his Rule 32 petition and his amended Rule 32 petition.[1]
I.
Wilson contends that before he entered his guilty pleas, neither his trial counsel nor the trial court advised him that his sentences would be subject to enhancements under §§ 13A-12-250 and 13A-12-270. Rule 14.4, Ala.R.Crim.P., provides, in pertinent part:
“(a) Colloquy With Defendant.... [T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.”
(Emphasis added.) In Aaron v. State, 673 So.2d 849, 849-50 (Ala.Crim.App.1995), this Court stated:
“The Alabama Supreme Court and this Court ‘have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.’ Ex parte Rivers, 597 So.2d 1308, 1309 (Ala.1991). It is well settled, moreover, that ‘if the appellant’s sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.’ Elrod v. State, 629 So.2d 58, 59 (Ala.Cr.App.1993), citing Rivers. Accord, White v. State, 616 So.2d 399 (Ala.Cr.App.1993); Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App.1989); Smith v. State, 494 So.2d 182 (Ala.Cr.App.1986).”
Although the State contended in its response that Wilson voluntarily and intelligently entered his guilty pleas with a full understanding of the nature of the charges and the consequences of the pleas, the record does not demonstrate whether Wilson was, in fact, properly informed of the minimum and maximum sentence he could receive when he entered his guilty pleas because the record does not contain a copy of either “Court’s Exhibit A” or “Court’s Exhibit B,” referred to in the State’s response, or a transcript of the guilty-plea colloquy. Waddle v. State, 784 So.2d 367, 369-70 (Ala.Crim.App.2000). Therefore, we must remand this case for the circuit court to address the merits of Wilson’s claim regarding the voluntariness of his pleas.
*497 II.
Wilson also contends that the circuit court erred in denying his motion to amend his Rule 32 petition. The case action summary for case nos. CC-03-3706.60, CC-03-3708.60, and CC-03-3709.60 contain the following entries:
“3/29/05 Motion to amend Rule 32 petition denied.
“3/29/05 Amended Rule 32 petition denied.”
(C. 1, 76, 89.) The case action summary for case no. CC-03-3707.60 contains the following entry:
“3/29/05 Motion to amend Rule 32 petition denied.”
(C. 63.) It is unclear from these entries whether the circuit court denied the motion to amend the Rule 32 petition or whether the circuit court did, in fact, consider the amended Rule 32 petition and deny it.
“Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment,” Rule 32.7(b), Ala.R.Crim.P., and “shall be freely granted,” Rule 32.7(d), Ala.R.Crim.P. Whether to allow an amendment to a Rule 32 petition is within the circuit court’s discretion, but amendments should be allowed “if necessary for a full and fair determination on the merits.” Allen v. State, 825 So.2d 264, 268 (Ala.Crim.App.2001), aff'd, 825 So.2d 271 (Ala.2002). “[G]rounds such as actual prejudice or undue delay will support a trial court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.” Ex parte Rhone, 900 So.2d 455, 458 (Ala.2004). In addition, “the trial court, in its discretion, may deny the petition to amend if it determines that the petition is ‘not sufficiently specific, is precluded, or fails to state a claim, or that no material issue of fact or law exists’ that would allow relief.” Ex parte Stringfellow, 565 So.2d 147, 149 (Ala.1990), quoting Rule 20.7(d), Ala.Temp.R.Crim.P., now Rule 32.7(d), Ala.R.Crim.P.
It is clear that allowing the amendment in this case — which was filed more than five months before the circuit court summarily denied the petition — would not have prejudiced the State or caused undue delay in the Rule 32 proceedings. Thus, if the circuit court did, in fact, deny Wilson’s motion to amend his Rule 32 petition, we find that this denial was erroneous because although two of the grounds raised in the amended petition — “Amended Ground ‘A’ ” and “Amended Ground ‘C’ ” — do not warrant any relief, one of the grounds raised in the amended petition — “Amended Ground ‘B’ ” — is a valid illegal-sentence claim that needs to be addressed by the circuit court.
In his amended petition, Wilson alleged in “Amended Ground ‘A’ ” (C. 53) that the indictment was defective because it did not allege a mental state for the distribution charges. However, this claim is not sufficiently pleaded because Wilson does not set out what was alleged in the indictment, and this claim is without merit because although the trafficking statute, § 13A-12-231, Ala.Code 1975, requires that the defendant “knowingly” commit the act, the distribution statute, § 13A-12-211, Ala.Code 1975, does not have any such requirement. Wilson also alleged in “Amended Ground ‘C’ ” of his amended petition (C. 56) that the trial court was without jurisdiction to render judgment or to impose sentence because, he said, it did not impose the mandatory fines. This claim is meritless on its face because the imposition of mandatory fines does not impact the trial court’s jurisdiction to render the judgment or to impose the sentence. However, as previously noted, “Amended Ground ‘B’ ” (C. 55) is a valid illegal-sentence claim regarding whether *498 the enhancements under §§ 13A-12-250 and 13A-12-270 were properly applied to Wilson’s trafficking conviction. The circuit court needs to determine the basis of Wilson’s trafficking conviction—-whether it involved the possession of cocaine, as Wilson alleges, or the sale of cocaine—in order to determine whether the enhancements were properly applied to his trafficking conviction.
Thus, on remand, the circuit court should issue an order stating whether it denied Wilson’s motion to amend and, if it did, to set aside that denial and accept the amended petition and issue an order addressing the ground Wilson raised in his amended petition that the enhancements were improperly applied to his trafficking conviction; the order should also set out the circuit court’s findings of fact and determination regarding that ground. If the circuit court granted the motion to amend, but denied the amended petition on March 29, 2005, then on remand the circuit court should issue an order setting out its findings of fact and determination regarding the ground in the amendment that the enhancements were improperly applied to Wilson’s trafficking conviction.
III.
Based on the foregoing, we remand this case for the circuit court (1) to address the merits of Wilson’s claim that his guilty pleas were rendered involuntary because he was not advised that the enhancements under §§ 13A-12-250 and 13A-12-270 would be applied to his sentences; (2) to issue an order stating whether it denied Wilson’s motion to amend his Rule 32 petition and, if it did, to set aside that denial and accept the amendment; and (3) to address the claim in the amendment that the enhancements in §§ 13A-12-250 and 13A-12-270 were improperly applied to Wilson’s sentence for the trafficking conviction. On remand, the circuit court may conduct an evidentiary hearing or take evidence in the form of written affidavits, depositions, or interrogatories, and it shall issue specific written findings of fact regarding the claims above. If the circuit court determines that Wilson is entitled to relief on either of the claims, it may grant whatever relief it deems necessary. Due return shall be filed with this Court no later than 49 days from the date of this opinion. The return to remand shall include the circuit court’s written findings of fact; a transcript of the evidentiary hearing, if one is conducted; “Court’s Exhibits A and B” referred to in the State’s response; any other evidence received or relied on by the court; and a transcript of the guilty-plea colloquy.
REMANDED WITH DIRECTIONS. 
McMILLAN, PM., and COBB, BASCHAB, and WISE, JJ., concur.

. See Part II of this opinion.