On August 14, 1997, Fredrick D. Woods was convicted of murder made capital because the murder was committed during the course of a first-degree robbery, see § 13A-5-40(a)(2), Ala. Code 1975. On August 15, 1997, by a vote of 10-2, the jury recommended that Woods be sentenced to death. After conducting a sentencing hearing, the trial court sentenced Woods to death. Woods appealed, and his conviction and sentence were affirmed.Woods v. State, 789 So.2d 896 (Ala.Crim.App. 1999), aff'd, 789 So.2d 941 (Ala. 2001).
On July 26, 2002, Woods filed a petition for postconviction relief, pursuant to Rule 32, Ala. R.Crim. P. On September 27, 2002, the State responded. On November 16, 2002, Woods filed an amended petition. On December 19, 2002, the circuit court conducted a status conference to narrow the issues presented by Woods's petition and to identify any claims that should be precluded. At the close of the conference, the circuit court ordered both parties to submit proposed orders by January 31, 2003. On January 24, 2003, instead of filing a proposed order as directed by the circuit court, Woods filed a second amended petition. On January 28, 2003, the State objected to Woods's second amendment, arguing:
 "This second amended petition is 81 pages longer than Woods's first amended petition. In addition, the section numbers, page numbers and paragraph numbers in Woods's second amended petition are completely different than those in his first amended petition. Requiring the State to change its proposed order to correspond to Woods's second amended petition at this late date would work a tremendous hardship on the State's counsel."
On January 30, 2003, the circuit court struck Woods's second amended petition. On February 7, 2003, the State filed its proposed order, which summarily dismissed all of Woods's claims. On February 11, 2003, Woods moved the court to reconsider its order striking his second amended petition. On February 20, 2003, Woods filed his proposed order. On July 2, 2003, a little less than a year after Woods filed his Rule 32 petition, the circuit court, adopting the State's order in its entirety, summarily dismissed the petition.
Woods appealed the summary dismissal of his petition to the Court of Criminal Appeals. In his brief to the Court of Criminal Appeals, Woods contended that the circuit court exceeded the scope of its discretion in striking his second amended petition. On August 27, 2004, the Court of Criminal Appeals, applying the reasoning and holding in Coral v. State, 900 So.2d 1274
(Ala.Crim.App. 2004), which cites McWilliams v. State,897 So.2d 437 (Ala.Crim.App. 2004), and Rhone v. State,900 So.2d 443 (Ala.Crim.App. 2004), held that the circuit court did not exceed its discretion in striking Woods's second amended petition. Recognizing that the second amended petition was not based on surprise, newly discovered evidence, or changed circumstance, the Court of Criminal Appeals held that the circuit court did not err in striking Woods's second amended petition, and it affirmed the circuit court's dismissal of Woods's Rule 32 petition. *Page 535 Woods v. State, 957 So.2d 492 (Ala.Crim.App. 2004).
Woods filed a petition for a writ of certiorari in this Court on December 3, 2004. On June 22, 2006, this Court issued the writ to determine, among other matters, whether the circuit court exceeded the scope of its discretion by striking Woods's second amended petition.
 Standard of Review
The standard for reviewing a circuit court's judgment denying a petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., is whether the circuit court exceeded the scope of its discretion in denying the petition. Strickland v.State, 771 So.2d 1123, 1125 (Ala.Crim.App. 1999). Moreover, "when the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White,792 So.2d 1097, 1098 (Ala. 2001).
 Legal Analysis
Woods contends that the Court of Criminal Appeals' holding — that the circuit court did not err in striking his second amended petition — conflicts with this Court's holding inEx parte Rhone, 900 So.2d 455 (Ala. 2004), a decision issued on October 1, 2004, after the circuit court struck Woods's second amended petition and after the Court of Criminal Appeals affirmed the circuit court's decision in Woods. In Ex parteRhone, this Court stated that the Court of Criminal Appeals erred in placing on Rhone the initial burden of showing diligence in the filing of his amendment and overruled Rhone v.State and other cases upon which the Court of Criminal Appeals had relied in reaching its holding in Woods.
Ex parte Rhone set forth a new standard for determining whether to grant leave to amend a Rule 32 petition, stating: "[J]t is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition." 900 So.2d at 458. In Ex parte Jenkins, [Ms. 1031313, April 8, 2005]___ So.2d ___ (Ala. 2005), Justice Lyons, writing for the majority, analyzed this Court's holding in Ex parte Rhone, stating:
 "This Court recently examined the principles applicable to the amendment of Rule 32 petitions in Ex parte Rhone, 900 So.2d 455 (Ala. 2004). In Rhone, the petitioner moved to amend his Rule 32 petition 16 days after the trial court had received the original petition. In denying the petition, the trial court addressed only the claims in the original petition. The Court of Criminal Appeals affirmed the denial, holding that the trial court had not exceeded its discretion in failing to address the claims in the amendment to Rhone's petition because `Rhone failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition.' Rhone v. State, 900 So.2d 443, 448 (Ala.Crim.App. 2004). This Court granted certiorari review to consider Rhone's contention that the Court of Criminal Appeals' decision conflicted with the well-established principle stated by this Court in Ex parte Allen, 825 So.2d 271, 273
(Ala. 2002), that although `[l]eave to amend a Rule 32 petition is within the discretion of the trial court, . . . it should be freely granted.'
 "In considering the nature of the factors that would provide a proper basis upon which a trial court could exercise the discretion to disallow an amendment to a Rule 32 petition, this Court stated in Ex parte Rhone that `it is clear that only grounds such as actual prejudice or *Page 536 
undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition.' 900 So.2d at 458. We concluded in Rhone that the Court of Criminal Appeals erred in imposing upon a Rule 32 petitioner an `initial burden' to show diligence in filing the amendment or that the facts underlying that amendment were unknown when the original petition was filed. We stated: `Such a burden is clearly inconsistent with the mandate of this Court, as expressed in both its decisions and in Rule 32, that leave to amend should be freely granted.' 900 So.2d at 458-59.
 "This Court also responded in Ex parte Rhone
to the Court of Criminal Appeals' statement that the only alternative to its holding in Rhone v. State would be `"to allow a petitioner the un-fettered right to amend his Rule 32 petition."' 900 So.2d at 459. We responded:
 "`That statement, however, is not correct. The right to amend is limited by the trial court's discretion to refuse an amendment based upon factors such as undue delay or undue prejudice to the opposing party. That limitation is, in this Court's opinion, sufficient to protect the rights of the parties, while allowing the trial court sufficient control over the management of its docket.'
 "900 So.2d at 459. . . .
 "`. . . .'
 "As we held in Ex parte Rhone, however, a petitioner does not have the unfettered right to file endless amendments to a Rule 32 petition. The right to amend is limited by the trial court's discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State. Such an exercise of the trial court's discretion would certainly be appropriate, for example, if, on the eve of an evidentiary hearing, a Rule 32 petitioner filed an amendment that included new claims of which the State had no prior notice and as to which it was not prepared to defend.
 "We emphasize that the concepts of `undue delay' and `undue prejudice' as discussed in this opinion and in Ex parte Rhone apply to the trial court's management of its docket and to the petitioner's attention to his or her case."
___ So.2d at ___.
In April 2005, the Court of Criminal Appeals, applying our holding in Ex parte Rhone, reversed a circuit court's dismissal of amended Rule 32 petitions in Wilson v.State, 911 So.2d 40 (Ala.Crim.App. 2005). In conducting the analysis, the Court of Criminal Appeals noted that all of petitioner's amended petitions were filed within the limitations period of Rule 32.2(c), Ala. R.Crim. P., and that the amended petitions addressed concerns raised by the State in its answer and responded to the affidavit from the petitioner's trial counsel, which was attached to the State's answer. The Court of Criminal Appeals held that the circuit court had exceeded the scope of its discretion in refusing to consider the amended petitions, reasoning, "[c]oncerns of undue delay and undue prejudice to the State were not implicated as a result of these amendments; concerns of fairness and due process were implicated." 911 So.2d at 46.
In its brief to this Court, the State admits that when this Court's holding in Ex parte Rhone and its progeny is applied to the facts of this case, the circuit court exceeded the scope of its discretion in striking Woods's second amended petition, and it requests that we remand the cause. We agree. The facts of this case do not establish that the circuit court's consideration *Page 537 
of Woods's second amended petition would give rise to actual prejudice to the State or cause undue delay. Therefore, the circuit court exceeded its discretion in striking Woods's second amended petition, and a remand to the circuit court is proper to allow that court to consider Woods's second amended petition.
In light of our disposition of this case, we pretermit consideration of Woods's other arguments.
 Conclusion
For the reasons stated above, the judgment of the Court of Criminal Appeals is reversed and this cause is remanded to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.