After Remand from the Alabama Supreme Court

WELCH, Presiding Judge.
In Ex parte Apicella, 87 So.3d 1150 (Ala.2011), the Alabama Supreme Court reversed the judgment of this Court insofar as it affirmed the circuit court’s decision to strike Apieella’s third amendment to his Rule 32, Ala. R.Crim. P., petition.
The third amendment was filed after this Court reversed the circuit court’s judgment in Apicella v. State, 945 So.2d 485 (Ala.Crim.App.2006)(“ApiceMa III ”), dismissing Apicella’s second amended petition and remanded the case. The directions on remand included that the circuit court should consider whether there existed actual prejudice to the State or whether there had been undue delay, principles stated in Ex parte Rhone, 900 So.2d 455, 458 (Ala.2004), to justify the circuit court’s refusal to accept a third amended petition should Apicella filed one. In disallowing Apicella’s third amended petition, the circuit court ultimately stated in its final order that it had considered Rhone and had determined:
“Pursuant to the Alabama Court of Criminal Appeals’s remand directive, this Court also must determine whether Apicella should be permitted to further amend his second amended Rule 32 petition. Apicella [III ]. For the following reasons, this Court concludes that Api-cella is not entitled to further amend his second amended Rule 32 petition at this late date.
“As an initial matter, this Court notes that Apicella is now on his third round of attorneys in this Rule 32 proceeding. Apicella was represented by Mr. Bradley Almond from the inception of his Rule 32 proceedings in this Court until just before the oral argument in the Alabama Court Criminal Appeals. At that point, Mr. Almond inexplicably moved to withdraw as his counsel of record, and Mr. William Montross and Ms. Vanessa Buch of the Southern Center for Human Rights in Atlanta, Georgia, moved to be appointed as his new counsel. The Alabama Court of Criminal Appeals granted their motion, and Mr. Montross subsequently argued his case in the Alabama Court of Criminal Appeals. After the Alabama Court of Criminal Appeals issued its ruling remanding his case to this Court, Mr. Montross and Ms. Buch inexplicably moved to withdraw as his counsel of record, and Mr. William M. Bowen, Jr. *1157 moved to be appointed as his new counsel. This Court granted Mr. Bowen’s motion to be appointed as Apicella’s latest counsel of record.
“On June 30, 2006, Apicella, through Mr. Bowen, filed his third amended Rule 32 petition in this Court. His third amended Rule 32 petition is 174 pages in length and raises a host of new claims and factual allegations that were not raised in his Rule 32 petition, amended Rule 32 petition, or second amended Rule 32 petition. On July 5, 2006, the State moved this Court to strike Apicel-la’s third amended petition. In that motion, the State argued that Apicella filed his third amended petition in an attempt to obtain a ‘do over’ of his Rule 32 proceedings. The State further argued that this Court should not permit Apicel-la to obtain the proverbial second bite at the apple, and the State urged this Court to strike his third amended petition.
“On July 12, 2006, this Court granted the State’s motion to strike Apieella’s third amended petition and entered an order striking that petition. In that order, this Court stated, in pertinent part, as follows:
“ ‘On June 30, 2006, Petitioner Api-cella filed his third amended Rule 32 petition. The Petitioner raises some of the same issues raised by his previous Attorneys as well as some new grounds that have not been raised in the past. This Court has read and considered the Alabama Supreme Court’s ruling in Ex parte Rhone, 900 So.2d 455 (Ala.2004). This Court entered its order dismissing Petitioner’s second amended Rule 32 petition on December 23, 2004. That order was appealed and has now been remanded back to this Court for an evidentiary hearing on a narrow issue of whether the trial court improperly considered the Codefendant’s sentence in overriding the jury’s recommendation of life without parole. After judgment and appeal Petitioner would have this Court to start this process all over again and to relitigate those issues which have been ... addressed by the trial court but also those issues which were addressed by the appellate courts as well. In this Court’s opinion the facts in this case are distinguishable from the facts in Rhone, supra. The requested amendment in the instant case is not prior to judgment as is required by Ala.R.Crim.P. 32.7(b) but occurs almost two years after final judgment has been entered by this Court. In Rhone, supra, the amendment was filed sixteen days after the original petition was filed by the petitioner. In addition, this Court finds that to allow this amendment would cause an undue delay, since it would in essence start the process all over again. If the Petitioner’s Attorneys change again will they disagree with the verbiage used by the current Attorney and want to amend the petition and offer another round of amendments?
“ ‘Upon review of the State of Alabama’s motion to strike Apicella’s third amended Rule 32 petition, this Court finds that the State’s motion to strike is well-taken and should be granted.
“‘This Court hereby strikes Petitioner Apicella’s third amended Rule 32 petition. Because the entry of judgment occurred on December 23, 2004, when this Court entered its final order summarily dismissing Apicella’s second amended Rule 32 petition, this Court further ORDERS that it will not entertain any amendments to Api-cella’s petition.’
*1158 “On July 18, 2006, Apicella moved this Court to reconsider its order striking his third amended petition. This Court denied that motion on July 24, 2006. On October 3, 2006 (just one week before the evidentiary hearing was scheduled to be held in this matter), Apicella again moved this Court to reconsider its order striking his third amended petition. That motion is, hereby, denied.
“Although the decision whether to allow Apicella to further amend his second amended Rule 32 petition is within this Court’s sound discretion, the Alabama Court of Criminal Appeals instructed this Court to consider the Supreme Court of Alabama’s ruling in Ex parte Rhone, 900 So.2d 455 (Ala.2004), in deciding whether to allow Apicella to further amend his petition. Apicella [III, 945 So.2d at 491]. Because Rhone is easily distinguishable from this case, this Court again holds that Apicella is not entitled to amend his petition at this late date.
“In Rhone, 900 So.2d at 456-457, the Supreme Court of Alabama reviewed the Rule 32 circuit court’s denial of Rhone’s Rule 32 petition for post-conviction relief. On July 29, 2002, Rhone filed his Rule 32 petition pro se in the circuit court. Id. at 456. Just sixteen days later, Rhone filed a motion for leave to amend his petition and an amended petition, in which he raised ten new claims. Id. at 456-457. On October 28, 2002, the circuit court entered an order denying his Rule 32 petition, but that order did not address the claims that he raised for the first time in his amended petition. Id. The Supreme Court of Alabama held that the circuit court erred in failing to consider the ten new claims that Rhone raised in his amended Rule 32 petition. Id. at 458-459.
“The court’s ruling in Rhone was based, in large part, on its construction of Rule 32.7(b) of the Alabama Rules of Criminal Procedure. Rhone, 900 So.2d at 457-458. Rule 32.7(b) provides that, '[ajmendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.’ See Ala. R.Crim. P. 32.7(b) (emphasis added). Based on its reading of that rule, the court, in Rhone, concluded that only grounds such as undue delay and actual prejudice will support a circuit court’s refusal to consider a petitioner’s amendment to his petition prior to the entry of judgment. Rhone, 900 So.2d at 458.
“In short, the Supreme Court of Alabama’s ruling in Rhone specifically addresses the limited circumstances under which a circuit court may refuse to consider a Rule 32 petitioner’s amendment to his Rule 32 petition prior to the court’s entry of judgment. Rhone, 900 So.2d at 458. For that reason, Rhone in no way stands for the proposition that a Rule 32 petitioner has the right to amend his Rule 32 petition after the circuit court enters its final order dismissing or denying relief on his petition.
“In Ex parte Woods, [957 So.2d 533 (Ala.2006) ], the Supreme Court of Alabama affirmed and applied its earlier ruling in Rhone. In Woods, the court held that the Rule 32 circuit court erred in striking the petitioner’s second amended Rule 32 petition and remanded his case with instructions to the circuit court to consider his second amended petition. Id. at, [537], Just like Rhone, Woods is easily distinguishable from the instant case.
“On July 26, 2002, Woods filed his Rule 32 petition in the circuit court. Id., at [534]. On September 27, 2002, the State filed its answer to Woods’s petition, and he filed his amended Rule 32 petition on November 16, 2002. Id,. On December 19, 2002, the circuit court *1159 held a hearing to ‘narrow the issues’ for the evidentiary hearing. Id. Just one month later, Woods, on January 24, 2003, filed his second amended Rule 32 petition in an attempt to bring the insufficiently pleaded claims in his petition into compliance with the specificity and full factual pleading requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. Id.
“On January 28, 2003, the State moved the circuit court to strike his second amended Rule 32 petition, contending that it would ‘work a tremendous hardship’ on the State to require the State to answer his petition. Id. On January 30, 2003, the court struck Woods’s second amended petition, and the court dismissed his amended Rule 32 petition on July 2, 2003. Id. In the Supreme Court of Alabama, the State conceded that the circuit court erred in striking his second amended petition, and the court agreed. Id., at [537]. Accordingly, the Supreme Court of Alabama remanded Woods’s case to the circuit court with instructions to consider his second amended petition. Id.
“Unlike the petitioner in Rhone, who filed his amended Rule 32 petition just sixteen days after he filed his Rule 32 petition, and the petitioner in Woods, who filed his second amended petition just a few months after he filed his Rule 32 petition, Apicella filed his third amended Rule 32 petition nearly two years after this Court’s entry of judgment. In addition, unlike the courts in Rhone and Woods, this Court permitted Apicella, who was represented by counsel from the inception of his Rule 32 proceedings, to file an amended Rule 32 petition and a second amended Rule 32 petition, and this Court thoroughly addressed the claims in his second amended Rule 32 petition.
“Because he filed his third amended Rule 32 petition nearly two years after the entry of final judgment in this matter, this Court finds that Apicella’s case is easily distinguishable from Rhone and Woods. For that reason, this Court finds that those cases are inapposite and, as such, they do not govern this Court’s determination as to whether Ap-icella should be permitted to further amend his second amended Rule 32 petition at this late date.
“Moreover, the Supreme Court of Alabama has affirmed that a petitioner’s right to amend his Rule 32 petition ‘is limited by the trial court’s discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State.’ See, e.g., Woods, at [536]; Rhone, 900 So.2d at 459.
“In the instant case, this Court finds that both undue delay and prejudice exist. Again, this Court permitted Apicel-la to file a Rule 32 petition, a first amended Rule 32 petition, and a second amended Rule 32 petition, and this Court thoroughly addressed the claims in his second amended petition. The final judgment was entered in this matter on December 23, 2004, nearly two years ago. If this Court grants Apicella permission to file a third amended petition, this Court would be affording him a second bite at the proverbial apple and allowing him to have a ‘do over’ of his Rule 32 proceedings. Nothing in Rhone or Woods requires or even contemplates such a result.
“For the foregoing reasons, this Court concludes that Apicella is not entitled to file a brand new Rule 32 petition at this late date. Apicella’s third amended pe *1160 tition is, therefore, stricken and will not be considered by this Court.”
(CR-06-1059, C. 18-27).
Apicella appealed the circuit court’s order, and this “court affirmed by unpublished memorandum the [circuit] court’s judgment striking Apicella’s third amended Rule 32 petition. Apicella, v. State (No. CR-06-1059, April 23, 2010), 77 So.3d 624 (Ala.Crim.App.2010) (table) (‘Apicella IV’).” Ex parte Apicella, 87 So.3d at 1152.
The Alabama Supreme Court then granted Apicella’s petition for a writ of certiorari. The Supreme Court found that because the Court of Criminal Appeals had “reversed and remanded” in Apicella III, it had “ ‘restore[d] both the State and the defendant to the condition in which they stood before the judgment was pronounced.’ ” Ex parte Apicella, 87 So.3d at 1154 (quoting Knight v. State, 356 So.2d 765, 767 (Ala.Crim.App.1978)). The Supreme Court stated:
“[The d]ecision in Apicella III returned the parties to their prejudgment positions. Therefore, the trial and appellate courts’ attempt to distinguish Ex parte Rhone on the ground that a final judgment had been entered in Apicella’s case is without merit.”
Ex parte Apicella, 87 So.3d at 1154.
The Supreme Court further stated that “the Court of Criminal Appeals’ decision in Apicella IV conflicts with Ex parte Rhone ” and that “the Court of Criminal Appeals should have reviewed the trial court’s decision in light of the principles stated in Ex parte Rhone.” Ex parte Apicella, 87 So.3d at 1154. Therefore, the Supreme Court reversed this Court’s judgment in Apicella IV insofar as it concerned the third amended petition and remanded the case “to the Court of Criminal Appeals with instructions for that court to review the trial court’s decision to strike Apicel-la’s third amended Rule 32 petition in light of the principles set forth in Ex parte Rhone and Ex parte Jenkins [, 972 So.2d 159 (Ala.2005) ].” Ex parte Apicella, 87 So.3d at 1155. We now consider whether the circuit court correctly refused to accept Apicella’s third amended Rule 32 petition in light of the principles set forth in Ex parte Rhone and Ex parte Jenkins.
Rule 32.7(b), Ala. R.Crim. P., provides that amendments to Rule 32 petitions may be allowed at any time before the trial court enters a judgment. We reiterate that because the judgment line in Apicella III read “reversed and remanded,” the Supreme Court held in Ex parte Apicella, supra, that there was no final judgment in the circuit court at the time the third amended petition was filed. Therefore, contrary to the findings of the circuit court, there was no final judgment to support rejection of the third amendment.
The circuit court had ruled that to allow a third amendment would cause an undue delay in the proceedings because it would in essence start the Rule 32 process over from the beginning. Because the third amendment was filed before a judgment had been entered, the third amendment would not start the process over. As Judge Shaw wrote in Rhone v. State,
“The very structure of Rule 32 itself indicates that the intent of the rule was to encourage petitioners to litigate all of their claims in the first petition filed. The rule requires specificity in pleading, Rule 32.3 and Rule 32.6(b); with respect to summary disposition, it specifically provides, as noted above, that a circuit court ‘may’ grant leave to amend a petition that is not sufficiently specific or fails to state a claim, but it directs that such leave ‘shall be freely granted,’ Rule 32.7(d); it precludes successive petitions, *1161 Rule 32.2(b); and, most detrimental to Rhone, it precludes any claim of ineffective assistance of counsel raised in a second or subsequent petition, Rule 32.2(d).”
Rhone v. State, 900 So.2d 443, 454 (Ala. Crim.App.2004) (Shaw, J., concurring in part and dissenting in part). “In filing his amendment, [Apicella] was attempting to comply with Rule 32 — to litigate all of his claims in a single petition.” Id.
The third amendment to the petition was filed on June 30, 2006, the same day new counsel filed his notice of appearance and approximately three months before the Rule 32 hearing.
“In Ex parte Jenkins, [972 So.2d 159 (Ala.2005),] the Supreme Court specifically noted that a circuit court would be well within its discretion to refuse to accept an amendment asserting a new claim if that amendment was filed ‘on the eve of an evidentiary hearing,’ but the Court nevertheless pointed out that the concepts of undue prejudice and undue delay ‘cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.’ 972 So.2d at 164.”
Broadnax v. State, 987 So.2d 631, 640 (Ala. Crim.App.2007). There was no suggestion in the record that the withdrawal of former counsel was a delay tactic. Therefore, because the State had approximately 90 days to respond to any new claims presented in the amended petition, we see no obvious prejudice to the State.
Nothing in the record suggests that allowing the amendment in this case would have caused actual prejudice or undue delay. We hold that the circuit court erred in denying Apicella’s third amended petition, and we must reverse the circuit court’s judgment on that ground.
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
KELLUM, BURKE, and JOINER, JJ., concur. WINDOM, J., recuses herself.