KELLUM, Judge.
Jeremy Bryan Jones appeals the circuit court’s summary dismissal of his petition for póstconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.
In 2005, Jones, was convicted of four counts of capital murder in connection with the murder of Lisa Nichols. The murder was made capital:[1] (1) because it was committed during the course of, a rape or an attempted rape, see § 13A-5-40(a)(3), Ala. Code 1975; (2) because it was committed during the course of sexual abuse or attempted sexual abuse, see § 13A-5-40(a)(8), Ala.Code 1975; (3) because it was committed during .the course of a burglary, see § !3A-5-40(a)(4), Ala.Code 1975; and (4) because it was committed during the course of a kidnapping or an attempted kidnapping, see § 13A-5-40.(a)(l), Ala. Code 1975. The jury recommended, by a vote, of 10-2, that . Jones.be sentenced to death; the trial court followed the jury’s recommendation and sentenced Jones to death for his capital-murder convictions. This Court affirmed Jones’s convictions and sentence on appeal, See Jones v. State, 43 So.3d 1258 (Ala.Crim.App.2007). The Alabama Supreme Court denied cer-tiorari review, and this Court issued a certificate of judgment on February 19, *1144 2010. On October 4, 2010, the United States Supreme Court denied certiorari review. See Jones v. Alabama, 562 U.S. 858, 131 S.Ct. 129, 178 L.Ed.2d 77 (2010).
On February 18, 2011, Jones, through counsel, timely filed his Rule 32 petition, raising numerous claims, including several allegations of ineffective assistance of trial and appellate counsel. That same day, Jones filed a motion requesting that the circuit judge recuse himself from hearing the petition; the motion was denied on February 21, 2011. Jones filed a petition for a writ of mandamus in this Court requesting that we order the circuit judge to recuse himself. This Court granted the petition on June 15, 2011, by order (case no. CR-10-0938). The State then filed a petition for a writ of mandamus in the Alabama Supreme. Court requesting that the Supreme Court vacate this Court’s order granting Jones’s mandamus petition. The Alabama Supreme Court granted the petition and issued the writ on December 9, 2011. See Ex parte Jones, 86 So.3d 350 (Ala.2011); A certificate of judgment was issued on January 4, 2012.
On April 11, 2012, the State filed an answer and a motion to dismiss Jones’s petition,' in which it argued that all of Jones’s claims Were insufficiently pleaded, failed to state a material issue of fact or law, were meritless,' or were precluded. On April 12/2012, Jones'filed an “Unopposed Motion to File Petitioner’s Eéply Brief Within 90 Days of Entry of Court Order,” in which Jones requested 90 days to filé a reply to the State’s response and motion to dismiss. (C. 736.) The circuit court granted the motion on April 18, 2012. On July 16, 2012, Jones timely filed a reply to the State’s response and motion to dismiss. In his reply, Jones conceded that several of his claims of ineffective assistance of trial and appellate counsel were insufficiently pleaded, and he requested leave to file an amended petition to cure the pleading deficiencies; Jones also included in his reply a request to file a motion for discovery- simultaneously with an amended petition.
On July 17, 2012, one day after Jones filed'his reply to the State’s response, the circuit court issued an order summarily dismissing Jones’s petition. The order stated: “MOTION TO DISMISS filed by STATE OF ALABAMA ' is hereby GRANTED.” (C. 823; capitalization in original.) On July 27, 2012, the State filed a postjudgment motion requesting that the circuit court “amend and supplement its July 17, 2012, order dismissing Jones’s Rule 32 petition by adopting the proposed order submitted by the State,” which proposed order the State attached to its post-judgment motion. (C. 824.) On August 7, 2012, the circuit court issued an order granting the State’s postjudgment motion. That same day, the circuit court adopted as its own the State’s proposed order and again summarily dismissed Jones’s petition. In its August 7, 2012, order dismissing Jones’s petition, the circuit court found that all of Jones’s claims were insufficiently pleaded, failed- to state a material issue of fact or law, were meritless, or were precluded. Although the circuit court did not specifically mention in its order Jones’s request to amend his petition, by summarily dismissing the petition the circuit court effectively denied Jones’s request for leave to amend.
On August 9, 2012, Jones filed an objection to the circuit court’s adoption of the State’s proposed order, and on August 14, 2012, Jones filed a postjudgment motion to reconsider, in which Jones argued that the circuit court had erred in adopting the State’s proposed order and in not granting his request to amend his petition. On August 16, 2012, the circuit court denied both the objection and the motion to reconsider.
*1145 On appeal, Jones raises numerous issues. However, because of our disposition of this case, we need address only one. Jones contends that the circuit court erred in denying him an opportunity to file an amended petition. He argues,.as he did in his reply to the State’s response and. his postjudgment motion to reconsider,. that under the principles in. Ex parte Rhone, 900 So.2d 455 (Ala.2004), and its progeny, the circuit court should have granted his request for leave to amend because, he says, permitting him to file an amended petition would not have caused undue delay and would not have been unduly prejudicial to the State. We agree.
“Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment,” Rule 32.7(b), Ala. R.Crim. P., and “[l]eave to amend shall be freely granted.” Rule 32.7(d), Ala. R.Crim. P. In Ex parte Rhone the Alabama Supreme Court held “that only grounds such as actual prejudice or undue delay will support a trial Court’s refusal to allow, or to consider, an amendment to a Rule 32 petition.” 900 So.2d at 458. Subsequently, in Ex parte Jenkins, 972 So.2d 159 (Ala.2005), the Alabama Supreme Court recognized that, although “the concepts of ‘undue delay' and ‘undue prejudice’ ... apply to the trial court’s management of its docket and to the petitioner’s attention to his or her case[, tjhose concepts cannot be applied to restrict the petitioner’s right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.” 972 So.2d at 164. The teachings of Ex parte Rhone and Ex parte Jenkins have been followed numerous times. See, e.g., Ex parte Woods, 957 So.2d 533 (Ala.2006); Anderson v. State, 135 So.3d 994 (Ala.Crim.App.2013); Ingram v. State, 103 So.3d 86 (Ala.Crim.App.2012); Apicella v. State, 87 So.3d 1155 (Ala.Crim.App.2011); Broadnax v. State, 987 So.2d 631 (Ala.Crim.App.2007); Smith v. State, 961 So.2d 916 (Ala.Crim.App.2006); and Wilson v. State, 911 So.2d 40 (Ala.Crim.App.2005).
The record in this case contains no indication that any undue delay or undue prejudice would have resulted, if the circuit court. had granted Jones’s request ’ to amend his petition. Given that the circuit court initially summarily dismissed Jones’s petition only one day after Jones filed his reply to the State’s response , in which he requested leave to amend his petition, permitting Jones to file an.amended petition would have undoubtedly caused a delay in the circuit court’s ruling. However, we cannot say that it would have caused undue delay. The Alabama Supreme Court has recognized that it would not be error to refuse an amendment filed “on. the eye of an evidentiary hearing ... that included new claims of which the State had no prior notice, and as to which it was not prepared to defend.” Ex parte Jenkins, 972 So.2d at 164. However, Jones’s request to amend, was not.filed on the eve of an evidentiary hearing. Although, it was filed on the eve of the circuit court’s summary dismissal of Jones’s petition, it would have been impossible for Jones to have known when he timely filed his reply to the State’s response within the time frame set by the circuit cburt that the circuit court would summarily dismiss his petition only one day later. Additionally, a circuit court has discretion to place reasonable time constraints on the filing of amendments to Rule 32 petitions, and the circuit court here could have set a time'limit for Jones to file an amendment in order to limit the delay in the proceedings.
Moreover, this is not a case in. which Jones had already filed multiple amendments or had unreasonably delayed in requesting to file an afnendment. This was Jones’s first request to amend his petition and, although at the time he requested to *1146 amend his petition Jones’s petition had been pending in the circuit court for over a year, all but three months of that delay was due to (1) the parties litigating the recusal issue in the appellate courts by petitions for a writ of mandamus, and (2) the State’s four-month delay in responding to the petition after the appellate litigation had ended. Jonés did request a 90-day extension to file a reply to the State’s response, but, given the length of the Original petition as well as the length of the State’s response, we cannot say that request was in- any way unreasonable. Therefore, under the circumstances in this case, we conclude that no undue delay would have resulted if the circuit court had permitted Jones to amend his petition.
Additionally, as noted above, in his reply to the State’s response, Jones conceded that several of his claims of -ineffective assistance of counsel were-insufficiently pleaded, as the State had argued in its response, and'he specifically requested to be allowed to amend those claims to include the factual allegations necessary to satisfy the pleading requirements. “[A]mendments should be allowed ‘if necessary for a full and fair determination on the merits.’ ” Wilson v. State, 935 So.2d 494, 497 (Ala.Crim.App.2005) (quoting Allen v. State, 825 So.2d 264, 268 (Ala.Crim.App.2001), aff'd, 825 So.2d 271 (Ala.2002)), Allowing Jones to correct the. pleading deficiencies in his petition that he conceded existed was necessary for a full and fair determination of his claims. “Although having to respond to an amendment, in any circumstance, would' certainly cause some marginal prejudice to the State, we cannot say that merely' having to respond to an amendment, alone, constitutes undue prejudice to the State.” Broadnax v. State, 987 So.2d 631, 640 (Ala.Crim.App,2007). Therefore, we also conclude- that no undue prejudice would have resulted if the circuit court had permitted Jones to amend his petition..
We note that the State does not argue on ^appeal that allowing Jones to amend his petition would have caused undue delay or undue prejudice. Rather, the State argues that “the circuit court did not deny' Jones an opportunity to amend his Rule 32 petition because Jones never amended, or moved to amend, his petition.” (State’s brief, p. 14.) First, the State argues that “a clear prerequisite [to the applicability of the principles in Ex parte Rhone] is the filing of an actual amendment to a Rule 32 petition — something Jones did not do.” (State’s brief, p. 15.) However, this Court expressly rejected a similar argument by the State in Ingram v. State, 103 So.3d 86 (Ala.Crim.App.2012):
“Whether Ingram actually filed a second amended petition with the circuit court or whether he requested leave from the court, to file the second amended petition is a distinction without a difference. In either .scenario, the issue whether to permit a second amended petition would have been properly placed before the circuit court. See, e.g., Broadnax v. State, 987 So.2d 631 (Ala.Crim.App.2007) (reversing ¡circuit court’s denial of motion for leave to file second amended petition even though no second amended petition had been filed).”
103 So.3d at 91. In this case,' although Jones did not file an amended petition, he did clearly request in his reply to the State’s response an opportunity to amend his petition, thereby properly placing the issue whether to allow such an amendment before the circuit, court for consideration.
The State also takes issue with the phrasing of Jones’s request to amend found in Part VIII of- his reply to the State’s .response, where Jones stated generally: “To the-extent this Court determines that any claims in Mr. Jones’s Rule 32 Petition- are insufficiently pled under *1147 Rule 32, Mr. Jones should be permitted to amend his Rule 32 petition to cure any such deficiencies.” (C. 819.) The State argues that this “catch-all provision” requesting permission to amend his petition “was not a legitimate, good-faith request to amend” (State’s brief, p. 16) because, it says, to allow such a “short, catch-all provision ... that if after the circuit court determines certain claims to be insufficient under Rule 32.6(b), then .the petitioner should be given an opportunity to amend” would effectively prevent a circuit court from ever summarily dismissing a Rule 32 petition for lack of specificity under Rule 32.7(d). (State’s brief, p. 18.)
We understand the State’s concerns. The phrasing of Jones’s “catch-all” request to amend his petition in Part VIII of his reply could, indeed, be construed as a thinly veiled attempt to place on the circuit court a burden to review Jones’s petition and to notify him of any specific pleading deficiencies, before summarily dismissing the petition,, a burden that would effectively prevent a circuit court from ever summarily dismissing a Rule 32 petition based on pleading deficiencies. However, despite the phrasing of Jones’s request and the State’s concerns, a circuit court has no such burden, and a Rule 32 petitioner cannot place such a burden on a circuit court simply by phrasing a request to amend in a certain manner. As already noted, Rule 32.7(b), Ala. R.Crim. P., provides that “[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” Rule 32.7(d), Ala. R.Crim. P., provides:
“If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings the court may either dismiss- the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continues and set a date for a hearing.”
(Emphasis added.) Nothing in these rules or in Ex parte Rhone and its progeny places any burden on the circuit^ court to review a Rule 32 petition fór pleading deficiencies and then sua sponte notify the petitioner of those deficiencies and order an amended petition before summarily dismissing the petition. Nor is there anything in these rules or in Ex parte Rhone and its progeny that places a burden on the-circuit court;-upon a request to amend, to review the petition and notify the petitioner of what pleading deficiencies the circuit court believes exist. The burden of satisfying the pleading requirements rests entirely with the Rule 32 petitioner, and the only burden on a circuit court faced with a request to amend or with an amended petition is to determine whether allowing the amendment would cause undue delay or undue prejudice. Therefore, despite the phrasing of Jones’s request to amend in Part VIII of his reply, the circuit court here had no duty to review Jones’s petition and notify him of ariy pleading deficiencies. Rather, the circuit, court had only the duty to determine whether permitting Jones to amend his petition would have caused undue delay or undue prejudice which, as noted above, it would not have.
We also point out that the phrasing of a request to amend a Rule 32 petition is not a valid basis for denying that request. As already explained, only undue delay or undue prejudice are valid grounds for denying a request to amend or refusing to consider an amendment. Moreover, contrary to the State’s belief, Jones did much more than simply include an inartful *1148 ly worded' “catch-all” request to amend in Part VIII Of his reply to the State’s re-sponsé. ’As noted above, Jones expressly conceded in his reply that several of his claims of ineffective' assistance of counsel were not sufficiently pleaded. In fact, he conceded that 11 of his 41 claims failed to satisfy the pleading requirements-in Rule 32.3 and Rule 32.6(b), and, when addressing the State’s assertions as to those claims,[1]. Jones specifically requested as to each of those claims that, in lieu of summary dismissal of the claim, he be granted the opportunity to amend the. claim to include the facts and information necessary to comply with the pleading requirements. Therefore, the phrasing of Jones’s “catch-all” request to amend in Part VIII of his reply was not a- valid basis for the circuit court’s refusal to allow . Jones to amend his petition.
Because under the circumstances in this case allowing Jones to amend his petition would not have caused undue delay or undue prejudice, the circuit court erred in denying Jones’s request for leave to amend his petition.. Therefore, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., .and WELCH, BURKE, and JOIÑER, JJ., concur.

. In his reply, Jones addressed each of his Rule 32 claims in the order they appeared in his petition and in the State’s response.