Rel: February 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

## CR-2023-0409

_____

**Faheem Rasheed Shabazz**

**v.**

**State of Alabama**

**Appeal from Randolph Circuit Court**
**(CC-18-63.60)**

On Return to Remand

MINOR, Judge.

In this appeal, we hold that, as the State concedes, the Randolph Circuit Court erred when it summarily dismissed Faheem Rasheed Shabazz's petition for postconviction relief under Rule 32, Ala. R. Crim.

P., without giving Shabazz the chance to amend his petition. We thus reverse the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

In September 2017, Jimmy Lamar McCowan rented a hotel room. McCowan testified that Shabazz entered the room with a gun and told him he was going to "blow his head off." (C. 122.) Video footage suggested that Shabazz was in McCowan's room for more than 40 minutes. McCowan testified that Shabazz shot him in the stomach. Shabazz contends in his petition that McCowan invited him into the room, that Shabazz did not have a gun, and that eventually the two men struggled over the gun and that Shabazz shot McCowan in self-defense.

Shabazz's case went to trial in June 2021. After the close of the evidence and while the jury was deliberating, Shabazz and the State reached an agreement under which Shabazz pleaded guilty to attempted murder and was sentenced to 15 years' imprisonment.[1] Shabazz did not appeal his conviction or sentence.

---

[1]Under the plea agreement, the State agreed to dismiss a first-degree-burglary charge against Shabazz.

Shabazz timely filed a Rule 32 petition in June 2022.[2] As best we can discern, Shabazz asserted these claims: (1) that his guilty plea had been involuntarily made because the circuit court (a) had not informed him that he was waiving certain rights, (b) had not ensured that he understood the nature of the charge, (c) had not accurately informed him about the consequences of his plea, (d) had denied him the right to present a defense and his version of the facts, (e) had denied him a hearing on his assertion that he was immune from prosecution, and (f) had denied his motion for discovery and inspection of electronically stored information and evidence; (2) that his guilty plea had been involuntarily made because, he said, his counsel had been ineffective for not adequately investigating the case and seeking to investigate the contents of McCowan's cell phone and laptop computer, which Shabazz asserted were in the State's possession for several months; and (3) that

---

[2]Because the record did not show that Shabazz had paid the filing fee or that the circuit court had granted a request to proceed in forma pauperis, on June 25, 2024, this Court remanded this case to the circuit court for that court to make findings about whether, before the court ruled on Shabazz's petition, it had granted a request to proceed in forma pauperis or Shabazz had paid the filing fee. See, e.g., Whitson v. State, 891 So. 2d 421, 422 (Ala. Crim. App. 2004). The record on return to remand shows that Shabazz paid the required filing fee.

3

his rights had been violated because, he said, he had been denied transcripts of the hearing on his pretrial motion for discovery and of his jury trial.

In July 2022, Shabazz moved for leave to amend his petition to include these claims: (4) that his guilty plea had been involuntarily made because, he said, it had been based on false statements from the attorney for the State and an investigator for the State that the State did not have and had never had McCowan's cell phone or laptop computer or evidence of social-media activity from McCowan's account;[3] and (5) that his trial counsel had been ineffective for not seeking funds to hire a digital-forensic-data-recovery expert who, Shabazz alleged, would have extracted data from McCowan's devices that would have supported Shabazz's defense.[4]

---

[3]Shabazz alleged that McCowan had testified at trial that police officers had taken his cell phone and kept it for months. He also alleged that a September 2017 evidence log from the Roanoke Police Department listed McCowan's laptop computer and phone charger.

[4]Shabazz named the expert that he contends his counsel should have hired, and Shabazz included detailed allegations about the evidence he asserts that the expert would have discovered and how that evidence would have supported Shabazz's defense.

In August 2022, the State responded to the petition and moved to dismiss it. The State asserted that the petition was untimely, that the claims in it were insufficiently pleaded, and that Shabazz's claims were precluded because Shabazz could have raised them at trial or on appeal.

A week later, Shabazz filed a second motion for leave to amend, seeking to add these claims: (6) that, in response to Shabazz's direct questioning, the circuit court had misinformed him about how much of his 15-year sentence he would have to serve; and (7) that his trial counsel had told him that he would be eligible for correctional-incentive time and that he could be eligible for parole consideration in 5 years. Shabazz included affidavits in support of these claims.

In September 2022, Shabazz replied to the State's August 2022 response to his petition. In October 2022, Shabazz filed a third motion for leave to amend his petition to include the claim (8) that his trial counsel had been ineffective for not objecting to the circuit court's failure to hold a pretrial hearing on Shabazz's motion for immunity.

In November 2022, the circuit court granted Shabazz's second motion for leave to amend his petition. In December 2022, Shabazz moved for an order (1) granting each of his motions for leave to amend

his petition and (2) requiring the State to respond to his petition as amended.

On May 9, 2023, the circuit court entered a judgment specifically denying Shabazz's December 2022 request to grant his "previous filed motion to amend." In that same judgment, the circuit court summarily dismissed Shabazz's petition without explanation. Shabazz timely appealed.

## DISCUSSION

On appeal, Shabazz raises three issues, including that the circuit court erred in denying his motions for leave to amend. The State concedes on appeal that this case should be remanded for the circuit court "to conduct further proceedings regarding Shabazz's claims of ineffective assistance of counsel as well as the amendments previously filed to his Rule 32 proceeding." (State's brief, p. 6.) We agree with Shabazz that the circuit court erred in denying his motions for leave to amend.

In Jones v. State, 185 So. 3d 1142 (Ala. Crim. App. 2014), this Court considered a Rule 32 petitioner's argument "that under the principles in Ex parte Rhone, 900 So. 2d 455 (Ala. 2004), and its progeny," the circuit court erred in denying his motion for leave to amend his petition:

6

"'Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment,' Rule 32.7(b), Ala. R. Crim. P., and '[l]eave to amend shall be freely granted.' Rule 32.7(d), Ala. R. Crim. P. In Ex parte Rhone[, 900 So. 2d 455 (Ala. 2004),] the Alabama Supreme Court held 'that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition.' 900 So. 2d at 458. Subsequently, in Ex parte Jenkins, 972 So. 2d 159 (Ala. 2005), the Alabama Supreme Court recognized that, although 'the concepts of "undue delay" and "undue prejudice" ... apply to the trial court's management of its docket and to the petitioner's attention to his or her case[, t]hose concepts cannot be applied to restrict the petitioner's right to file an amendment clearly provided for in Rule 32.7 simply because it states a new claim that was not included in the original petition.' 972 So. 2d at 164. The teachings of Ex parte Rhone and Ex parte Jenkins have been followed numerous times. See, e.g., Ex parte Woods, 957 So. 2d 533 (Ala. 2006); Anderson v. State, 135 So. 3d 994 (Ala. Crim. App. 2013); Ingram v. State, 103 So. 3d 86 (Ala. Crim. App. 2012); Apicella v. State, 87 So. 3d 1155 (Ala. Crim. App. 2011); Broadnax v. State, 987 So. 2d 631 (Ala. Crim. App. 2007); Smith v. State, 961 So. 2d 916 (Ala. Crim. App. 2006); and Wilson v. State, 911 So. 2d 40 (Ala. Crim. App. 2005).

"The record in this case contains no indication that any undue delay or undue prejudice would have resulted if the circuit court had granted Jones's request to amend his petition. Given that the circuit court initially summarily dismissed Jones's petition only one day after Jones filed his reply to the State's response in which he requested leave to amend his petition, permitting Jones to file an amended petition would have undoubtedly caused a delay in the circuit court's ruling. However, we cannot say that it would have caused undue delay. The Alabama Supreme Court has recognized that it would not be error to refuse an amendment filed 'on the eve of an evidentiary hearing ... that included new

7

claims of which the State had no prior notice and as to which it was not prepared to defend.' Ex parte Jenkins, 972 So. 2d at 164. However, Jones's request to amend was not filed on the eve of an evidentiary hearing. Although it was filed on the eve of the circuit court's summary dismissal of Jones's petition, it would have been impossible for Jones to have known when he timely filed his reply to the State's response within the time frame set by the circuit court that the circuit court would summarily dismiss his petition only one day later. Additionally, a circuit court has discretion to place reasonable time constraints on the filing of amendments to Rule 32 petitions, and the circuit court here could have set a time limit for Jones to file an amendment in order to limit the delay in the proceedings.

"Moreover, this is not a case in which Jones had already filed multiple amendments or had unreasonably delayed in requesting to file an amendment. This was Jones's first request to amend his petition and, although at the time he requested to amend his petition Jones's petition had been pending in the circuit court for over a year, all but three months of that delay was due to (1) the parties litigating the recusal issue in the appellate courts by petitions for a writ of mandamus, and (2) the State's four-month delay in responding to the petition after the appellate litigation had ended. Jones did request a 90-day extension to file a reply to the State's response, but, given the length of the original petition as well as the length of the State's response, we cannot say that request was in any way unreasonable. Therefore, under the circumstances in this case, we conclude that no undue delay would have resulted if the circuit court had permitted Jones to amend his petition.

"Additionally, as noted above, in his reply to the State's response, Jones conceded that several of his claims of ineffective assistance of counsel were insufficiently pleaded, as the State had argued in its response, and he specifically requested to be allowed to amend those claims to include the

8

factual allegations necessary to satisfy the pleading requirements. '[A]mendments should be allowed "if necessary for a full and fair determination on the merits."' <u>Wilson v. State</u>, 935 So. 2d 494, 497 (Ala. Crim. App. 2005) (quoting <u>Allen v. State</u>, 825 So. 2d 264, 268 (Ala. Crim. App. 2001), aff'd, 825 So. 2d 271 (Ala. 2002)). Allowing Jones to correct the pleading deficiencies in his petition that he conceded existed was necessary for a full and fair determination of his claims. 'Although having to respond to an amendment, in any circumstance, would certainly cause some marginal prejudice to the State, we cannot say that merely having to respond to an amendment, alone, constitutes undue prejudice to the State.' <u>Broadnax v. State</u>, 987 So. 2d 631, 640 (Ala. Crim. App. 2007). Therefore, we also conclude that no <u>undue</u> prejudice would have resulted if the circuit court had permitted Jones to amend his petition."

185 So. 3d at 1145-46.

Although the circuit court in November 2022 granted Shabazz's second motion for leave to amend, the circuit court had not then ruled on Shabazz's July 2022 and October 2022 motions for leave to amend, and the State had not responded to those proposed amendments. Seeking clarification, Shabazz in December 2022 moved the circuit court to grant his previously filed motions for leave to amend and to order the State to respond to those amendments. Five months later, with nothing else having been filed, the circuit court simply denied the December 2022 motion and summarily dismissed the petition.

As the State concedes, the circuit court erred in its judgment summarily dismissing the petition without giving Shabazz the chance to amend his petition. "Because under the circumstances in this case allowing [Shabazz] to amend his petition would not have caused undue delay or undue prejudice, the circuit court erred in denying [Shabazz's] request for leave to amend his petition." Jones, 185 So. 3d at 1148. The circuit court's judgment is thus due to be reversed. Id.

## CONCLUSION

We reverse the judgment of the circuit court and remand this case for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Anderson, JJ., concur.